■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ETTA RAND, Appellant.— Judgment convicting defendant of the crime of petit larceny, unanimously reversed, on the law and on the facts, and the information dismissed. Viewed in the light of the concession made on argument to the effect that a reversal would be consented to if the defendant would sign a release, and that, indeed, such release had been the subject of negotiation before defendant was put to trial, the court feels that the interests of justice require a reversal. In addition, some of the court are of the opinion that the evidence failed to establish the guilt of defendant beyond a reasonable doubt. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ CATHERINE HOPPMAN et al., Appellants, v. RIVERVIEW EQUITIES CORP., Respondent.— Order entered on February 19, 1962 denying plaintiffs' motion for an injunction *pendente lite* unanimously reversed on the law and the facts, and in the exercise of discretion, with $20 costs and disbursements to appellants, and the motion granted on condition that plaintiffs file a bond with proper sureties in the sum of $1,500 within 10 days after entry of the order herein, that plaintiffs continue to pay the registered rent during the pendency of the action and that there be an expeditious trial of the action. This court by order dated March 9, 1962, granted a temporary stay, upon conditions with which plaintiffs complied, and the case was placed on the calendar for trial. As this court pointed out in *Weisner v. 791 Park Ave. Corp.* ( 7 A D 2d 75, 78) the granting of a temporary injunction does not determine the ultimate issues in the action but serves only to preserve the *status quo* until a decision on the merits. (See *Walker Mem. Baptist Church v. Saunders,* 285 N. Y. 462, 474.) In our opinion, the plaintiffs have raised a serious question as to the scope and meaning of the stipulations entered into in the summary proceedings purporting to settle the controversies between the parties. A resolution of the conflicting issues of fact can be had only at a trial. Since an early trial is directed, the irreparable damage to the plaintiffs should be avoided by maintenance of the *status quo* pending a determination of the issues at a plenary trial. Of course, the defendant may, if it is so advised, consent to vacate the stipulations and the final orders in the summary proceedings and immediately go to trial on the merits in those proceedings. Under the circumstances of this case, it was an improvident exercise of discretion to deny a temporary injunction. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.