■ VALERIE C. SAENGER, an Infant, by Her Parent, ROLAND SAENGER, et al., Respondents, v. JOHN J. McGOWAN, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from (1) a judgment of the Supreme Court, Dutchess County, entered November 4, 1970, in favor of plaintiffs against him upon a jury verdict of $18,500 for plaintiff Valerie Saenger and $121 for plaintiff Roland Saenger, and (2) an order of the same court, dated March 27, 1971, which denied defendant's motion *inter alia* for a new trial upon the ground of newly discovered evidence. Order affirmed, without costs. No opinion. Judgment reversed, on the law, and new trial granted on the issue of damages only, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiffs serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in favor of plaintiff Valerie Saenger to $8,500 and to the entry of an amended judgment in accordance therewith, in which event the judgment as so amended is affirmed, without costs. In our opinion the verdict was excessive to the extent indicated herein. Rabin, P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.

■ FLORENCE SPANO, Plaintiff, v. NATIONAL BISCUIT COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants. JOHN SPANO, Third-Party Defendant-Respondent.— In consolidated negligence actions to recover damages for personal injuries, the third-party plaintiffs appeal from an order of the Supreme Court, Kings County, dated April 21, 1971, which conditionally (1) granted the third-party defendant's renewed motion to vacate a default judgment and (2) restored the action to the trial calendar. Order reversed, with $10 costs and disbursements, and renewed motion denied. Under the circumstances herein, where the third-party defendant defaulted not once but twice and failed to show either a sufficient excuse for the default or an adequate affidavit of merit, we find it was an abuse of discretion for the Trial Term to vacate the default. Munder, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.

■ METROPOLITAN TRANSPORTATION AUTHORITY, Respondent, v. VILLAGE OF TUCKAHOE et al., Apellants.— Order of the Supreme Court, Westchester County, entered October 20, 1971, affirmed, without costs. No opinion. The stay granted by this court's order of November 24, 1971 is hereby vacated, effective forthwith. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.