(March 13, 1972)

■ In the Matter of MICHAEL W. SCHWARTZ, Appellant, v. NELSON A. ROCKEFELLER, as Governor of the State of New York, et al., Respondents, and EARL W. BRYDGES, as Temporary President of the Senate of the State of New

York, Intervenor-Respondent.— This is a motion to enjoin the use of the Apportionment Act (L. 1972, ch. 11), which reapportioned the Senate and Assembly elections districts, for the general election to be held in November, 1972, pending the determination of the constitutionality of such act by the courts of the State. On an application for a preliminary injunction pending an appeal, the moving party has the burden of establishing a reasonable probability of success on the appeal and the existence of irreparable injury in the event an injunction does not issue. (CPLR 5518, 6301; and, see, *Matter of New York Tel. Co.* v. *Public Serv. Comm. of State of N. Y.*, 36 A D 2d 261, mod. 29 N Y 2d 164.) Petitioner has not met this burden on the present application. In addition, there is a presumption that a legislative act is constitutional. Under the circumstances presented here injunctive relief should not be granted. Motion for preliminary injunction pending appeal denied, without costs. Staley, Jr., J. P., Sweeney, Simons and Kane, JJ., concur; Cooke, J., concurs in the following memorandum: Appellant raises specific questions as to the constitutionality and validity of the most recent apportionment of both houses of the Legislature and this proceeding should be reviewed and determined expeditiously since the State Constitution provides that "any court before which a cause may be pending involving an apportionment, shall give precedence thereto over all other causes and proceedings, and if said court be not in session it shall convene promptly for the disposition of the same" (N. Y. Const., art. III, § 5). Keeping in mind the doctrine of the separation of powers, it is an exceedingly delicate matter for courts to interfere with the action of a lawmaking body (42 Am. Jur. 2d, Injunctions, § 168). The mere fact that a legislative enactment is alleged to be unconstitutional will not entitle a party to have its enforcement enjoined (cf. *Borden's Co.* v. *Baldwin*, 293 U. S. 194, 203), since there must be a further showing of actual or threatened and irreparable injury to a complainant's rights for which there is no adequate legal remedy (*Boise Artesian Water Co.* v. *Boise City*, 213 U. S. 276). Here, it appears at this time, nearly eight months prior to election day, that there is an adequate remedy or alternative, since if the plan under attack is declared unconstitutional, the Legislature can be directed to redraw the districts, or a court can devise or use a plan, and provision could be made for nomination of legislative candidates at a separate primary, separate primaries having been conducted at different times in previous years, or by other means (see Election Law, § 131). Among other things, Special Term's denial of the application for discovery and inspection can be reviewed on the appeal on the merits. In view of the magnitude of the question involved and the necessity to proceed promptly, I believe that leave to appeal to the Court of Appeals should be granted at this time.