■ R & J BOTTLING CO., INC., et al., Respondents, v. SIDNEY ROSENTHAL, Appellant, and UNION NATIONAL BANK OF TROY, Defendant.— Appeal from an order of the Supreme Court at Special Term, entered March 23, 1972 in Rensselaer County, which granted plaintiffs' motion for a preliminary injunction and denied Rosenthal's cross motion for injunctive relief. The individual litigants are the sole owners, officers and directors of the respondent corporation whose only business function is the ownership and leasing of a parcel of real property located in Cohoes, New York. In October, 1970 appellant, who alleges that prior to this date he as president of the corporation actively managed the office of the corporation without compensation, moved to Florida and respondent Jenkins, the treasurer, took over all management and operational duties. On November 30, 1970 Jenkins sent appellant a letter stating that effective December 1, 1970 he would pay himself a management fee of 10% of the gross rental collected for the performance of his newly assumed management duties. Thereafter, in reaction to Jenkins' position, the appellant withdrew $810 from the corporate account maintained at the defendant bank. In response to these withdrawals, the respondents brought an action against the appellant and the bank seeking a permanent injunction enjoining appellant from exercising any duties as a director or officer, removal of appellant as an officer and director and an accounting for the funds already withdrawn,

and upon the respondents' request Special Term granted a preliminary injunction which enjoined appellant from exercising all duties as an officer or director, from drawing any checks on corporate accounts, from making any transfers of corporate assets and from interfering in the operation of the corporation and the defendant bank from honoring any check drawn by the appellant on any corporate account. Appellant then took the instant appeal to contest Special Term's order. Preliminary injunctions are within the discretion of the trial court and an appellate court will review only for abuse of that discretion (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.13). Here it is clear that appellant's withdrawal of corporate funds was unwarranted, but he urges that Special Term abused its discretion because Jenkins was also making unauthorized withdrawals of corporate funds and therefore violated the so-called "clean hands" doctrine. However, even recognizing the validity of appellant's contention as to Jenkins' actions and that injunctive relief would, therefore, normally be denied if solely the individual litigants were involved (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.22), Special Term properly granted such relief in the instant case because of the strong possibility of irreparable harm to the corporation by the wrongful dissipation of its assets by appellant who still has authority to draw checks on corporate accounts. Nor does section 1104 of the Business Corporation Law provide an adequate alternate legal remedy in the present case so as to preclude the granting of equitable relief. Accordingly, we find no merit in appellant's contention that the preliminary injunction should not have been issued. However, since we concur with appellant's position that the fees paid to respondent Jenkins were also unauthorized and thus illegal, a fact which from the corporation's standpoint appellant's subsequent action cannot alter or vitiate, the injunction should be modified so as to also enjoin respondent Jenkins from collecting any additional management fees pending settlement of the litigation. Order modified, on the law and the facts, in accordance herewith, and, as so modified, affirmed, without costs. Settle order. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.