Memorandum. Order of the Appellate Division affirmed, with costs.
By Constitution and statute municipalities are given the power to acquire transit facilities (NY Const, art IX, § 2, subd [c], par 7; Municipal Home Rule Law, § 10, subd 1, par [ii], cl a, subdcl [7]). Neither contains any limiting definition. Absent restrictive language the term "transit facilities” covers any tangible means of moving people and things from place to place. It is incorrect constitutional or statutory interpretation to import from a melange of divers and diverse statutes more restrictive language relating to "mass transportation”, "rapid transit”, "bus lines”, and the like, in other statutes and even bond approval referenda. Words take their meaning from the context in which they are used. Hence, the County of Nassau and the Suburban Bus Authority, implemented by the particular local law and statute applicable to them, have the power to acquire transit facilities including acquisition by eminent domain.
To be sure, a taking in eminent domain or the allocation of tax revenues must be for a public use or purpose. School pupil transportation and charter service available to the public, independently or as an adjunct to public line transportation, is a public use and public purpose (cf. Courtesy Sandwich Shop v Port of N. Y. Auth., 12 NY2d 379, 388-391; Bush Term. Co. v City of New York, 282 NY 306, 316-317). Public use or public purpose is not limited to public need, although perhaps desirability, and consequently it is no contradiction of public use or purpose that private enterprise could do as well or even better. In any event, the public need or desirability, without more, is not subject to judicial review (see Matter of City of *641 New York [Ely Ave.], 217 NY 45, 57; 1 Nichols, Eminent Domain, § 4.11).
Appellants mount plausible economic arguments about the lack of wisdom in the county involving itself in the use of transit facilities, devoted largely to commuter and internal rapid transit movement of passengers, to carry school pupils and provide charter service. But the attack does not go to establish lack of power. To think so is to confuse policy with lack of power.
The ultimate issue on this appeal is as simple as that. On this view, it is unnecessary to repeat or even to agree with the painstaking parsing of the terminology and the statutes engaged in at Special Term or to evaluate the contrary parsing of the terminology and the historical development of public transportation engaged in by the dissenter at the Appellate Division.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.