ANGELA TUCKER et al., Respondents, v PHILIP L. TOIA, Individually and as Commissioner of the New York State Department of Social Services, Appellant.

Fourth Department, November 12, 1976

*Louis J. Lefkowitz, Attorney-General (William Goldman* of counsel), for appellant.

*Wade Eaton* for respondents.

*Cynthia Mann* for Community Action For Legal Services, Inc., and Brooklyn Legal Services Corp. *amici curiae.*

*William Haley* for Community Service Society of New York and Community Council for Greater New York, *amici curiae.*

GOLDMAN, J. Defendant Philip L. Toia, individually and as Commissioner of the New York State Department of Social Services, appeals from an order granting plaintiffs' motion for a preliminary injunction enjoining defendant Toia, pending a final resolution of the merits of this action, from implementing or directing or permitting the implementation of section 15 of chapter 76 of the Laws of 1976.

On March 30, 1976, chapter 76 of the Laws of 1976 was approved. By section 15 it amended Social Services Law section 158 (a) to read: "(a) Any person unable to provide for himself, or who is unable to secure support from a legally responsible relative, who is not receiving needed assistance or care under other provisions of this chapter, or from other sources, shall be eligible for home relief; *provided, however that no person under the age of twenty-one years except a married person living with their spouse, living apart from a legally responsible relative shall be eligible for home relief unless a proceeding has been brought by or on behalf of such person to compel such legally responsible relative to provide for or contribute to such person's support and until an order of disposition has been entered in such proceeding."* (New matter in italics.)

Although this amendment was to be effective 45 days after its enactment, a temporary restraining order staying implementation of the statute was issued in connection with an action challenging the amendment's validity under the Federal Constitution brought in Federal District Court for the Southern District of New York. On September 13, 1976 a three-Judge District Court rendered a decision upholding section 15 under the Federal Constitution and ordered the temporary restraining order vacated *(Rasmussen v Toia,* 420 F Supp 757).

Subsequently, defendant Toia attempted to implement the provisions of section 15 by means of an administrative letter dated October 19, 1976, providing for the discontinuance of

home relief aid to all persons rendered ineligible by section 15, the cutoff date to be November 8, 1976.

On October 26, 1976 the plaintiffs, individually and on behalf of all others similarly situated, alleging that their home relief benefits were about to be terminated by the implementation of this amendment, instituted this action for a declaratory judgment declaring section 15 to be unconstitutional under the New York State Constitution. Because of the time constraints faced by plaintiffs on account of the threatened November 8 shutoff of benefits, plaintiffs' motion for a preliminary injunction against further implementation of the amendment pending a final resolution of the merits was scheduled for October 29, 1976. At that hearing, Special Term orally determined that section 15 was unconstitutional, but the order entered upon this decision limited plaintiffs' preliminary relief to an injunction of defendant Toia, "pending a final resolution of the merits of the action, from implementing or directing or permitting the implementation of § 15".

Defendant Toia immediately appealed this order and thereby automatically stayed the enforcement of the preliminary injunction (CPLR 5519, subd [a], par 1). Thereupon, plaintiffs appeared before a member of this court and obtained an order directing defendant Toia to show cause why an order should not be made vacating defendant's statutory stay and further why an order should not be issued requiring the defendant to perfect his appeal by November 5, 1976 so that argument could be heard that day. Plaintiffs' motion to vacate the automatic stay pending a determination of defendant's appeal was granted by this court and argument was set for November 5.

The only issue before us on this appeal is whether Special Term abused its discretion in granting plaintiffs' motion for a preliminary injunction in this action (CPLR 6301; *Western Regional Off-Track Betting Corp. v Town of Henrietta,* 46 AD2d 1010; *R & J Bottling Co. v Rosenthal,* 40 AD2d 911, 912; *Swarts v Board of Educ. of City School Dist. of Rochester,* 42 Misc 2d 761, 764-765).

The moving party, in order to succeed in convincing the court of original jurisdiction to exercise its discretion favorably to him, must show "(1) the likelihood of [his] ultimate success on the merits, (2) irreparable injury to [him] if the injunction is not granted, and (3) a balancing of the equities in [his] favor" *(Metropolitan Transp. Auth. v Village of Tucka-*

*hoe,* 67 Misc 2d 895, 900-901, affd 38 AD2d 570; see, also, *Albini v Solork Assoc.,* 37 AD2d 835). That plaintiffs, and the class they represent, meet the requirements of the last two of these tests is not seriously disputed.

The analysis of whether Special Term properly exercised its discretion, then, must be focused upon whether plaintiffs have demonstrated a likelihood of their ultimate success on the merits. Such ultimate success would require an adjudication that the challenged statute is unconstitutional. Defendant Toia argues that the statute has already withstood a similar constitutional challenge in *Rasmussen v Toia (supra)* and for that reason plaintiffs' success at trial is highly unlikely.

*Rasmussen* cannot control this case because it involved a challenge based solely upon the Federal Constitution's guarantees of due process and equal protection. Most importantly, the *Rasmussen* plaintiffs eschewed reliance upon article XVII of the New York Constitution and conceded that section 15 did not impinge upon any Federally recognized "fundamental right" and that the statute's "constitutional validity need only be subjected to minimal judicial scrutiny" under the traditional "two tier" equal protection test *(Rasmussen, supra,* p 765). The instant plaintiffs, on the other hand, base much of their challenge on the argument that section 1 of article XVII which provides that "[t]he aid, care and support of the needy are public concerns", creates a "fundamental right" of State constitutional dimensions sufficient to trigger the strict scrutiny test under the New York Constitution's own equal protection clause (N.Y. Const., art I, § 11; see, e.g., discussion in *Montgomery v Daniels,* 38 NY2d 41, 59-60). Alternatively, plaintiffs argue that section 1 of article XVII creates a substantive fundamental right which may not be abridged, even if such an abridgement were uniformly imposed, without the showing of a compelling governmental interest and the absence of a less restrictive alternative to achieve a legitimate State goal (see, e.g., discussion in *Matter of Atkin v Onondaga County Bd. of Elections,* 30 NY2d 401, 403-405). Importantly, it is not for this court to determine finally the merits of an action upon a motion for preliminary injunction; rather, the purpose of the interlocutory relief is to preserve the *status quo* until a decision is reached on the merits *(Hoppman v Riverview Equities Corp.,* 16 AD2d 631; *Weisner v 791 Park Ave. Corp.,* 7 AD2d 75, 78-79; *Peekskill Coal & Fuel Oil Co. v Martin,* 279 App Div 669, 670; *Swarts v Board of Educ.,* 42

Misc 2d 761, 764, *supra.* Cf. *Walker Mem. Baptist Church v Saunders,* 285 NY 462, 474). Viewed from this perspective, it is clear that the showing of a *likelihood* of success on the merits required before a preliminary injunction may be properly issued must not be equated with the showing of a *certainty* of success (cf. *Rosemont Enterprises v McGraw-Hill Book Co.,* 85 Misc 2d 583, 585). It is enough if the moving party makes a prima facie showing of his right to relief; the actual proving of his case should be left to the full hearing on the merits *(Swope v Melian,* 35 AD2d 981; and see 12 Carmody-Wait 2d, NY Prac, § 78:23, pp 71-72; but cf. *Matter of Armitage v Carey,* 49 AD2d 496, 498), and our determination is definitely not on the merits.

The requirement of showing a likelihood of success, then, should be seen as a protection against the exercise of the court's formidable equity power in cases where the moving party's position, no matter how emotionally compelling, is without legal foundation. Here, plaintiffs predicate their right to ultimate relief upon an argument that section 15 is in violation of important principles contained in the New York Constitution. This argument may not prove to be ultimately successful, but it is based on substantial principles of constitutional law and involves novel issues of first impression. Plaintiffs' argument and the State's counterarguments in favor of upholding the statute's validity involve aspects of constitutional law too weighty to have been briefed adequately in the short time available to the parties before this motion was heard at Special Term and too complex for Special Term to resolve in the even shorter time available to it before its decision was required. This is precisely the situation in which a preliminary injunction should be granted to hold the parties in *status quo* while the legal issues are determined in a deliberate and judicious manner (see, especially, *New York Life Ins. Co. v Pink,* 77 NYS 2d 612, 613; *Coler v American Soc. for Prevention of Cruelty to Animals,* 122 NYS 549, 550-551; cf. *Borden's Co. v Baldwin,* 293 US 194, 213; cf. *Matter of Schwartz v Rockefeller,* 38 AD2d 995, 996 [COOKE, J., concurring], app dsmd 30 NY2d 664). In view of the conceded irreparable harm facing plaintiffs as contrasted with the damage the State would face by postponing implementation of the statute until this case can be heard on its merits, Special Term properly exercised its discretion by granting plaintiffs' motion for a preliminary injunction *(New York Life Ins. Co. v Pink, supra,* p 613).

It was, however, error for Special Term seemingly to determine the merits in its oral decision by declaring that it found section 15 unconstitutional (see *Swope v Melian,* 35 AD2d 981, 982, *supra; Russian Church of Our Lady of Kazan v Dunkel,* 34 AD2d 799, 801). Special Term recognized this, for it did not repeat the finding of unconstitutionality in the order it rendered but merely enjoined defendant Toia, pending a final resolution of the merits in the action, from implementing or directing or permitting the implementation of section 15. The order appealed from should be affirmed.

Upon argument counsel for the parties agreed that they can be ready for a hearing on the merits in a matter of days. We therefore direct that this matter be given a preference and set down for trial on the merits at the earliest feasible date.

MOULE, J. P., SIMONS, DILLON and WITMER, JJ., concur.

Order unanimously affirmed, without costs.