■ DENNIS M. FITZPATRICK et al., Respondents, v MISTER DONUT OF AMERICA, INC., Appellant.—In an action, *inter alia,* for a declaratory judgment, defendant appeals from so· much of an order of the Supreme Court, Nassau County, dated June 18, 1980, as denied its motions for summary judgment and to vacate a temporary injunction. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, motions for summary judgment and to vacate the temporary injunction granted, and it is declared that the phrase "real estate taxes" in the sublease under consideration was meant to and does encompass and include "school taxes". Plaintiff Dennis M. Fitzpatrick operates a business pursuant to a franchise agreement with, and in premises sublet from, the defendant. The sublease provides, *inter alia,* for " 'Additional Rent' equal to all sums required to be paid for (a) real estate taxes and special assessments which may be payable with respect to the Leased Premises". When defendant made written demand upon plaintiffs to pay school taxes which had been assessed, a dispute arose over the interpretation of the sublease provision for "Additional Rent", specifically, "whether the phrase, 'real estate taxes' includes school taxes". We hold that the requirement to pay "real estate taxes * * * which may be payable with respect to the Leased Premises" contemplated the payment of school taxes assessed upon those premises. Subdivision 20 of section 102 of the Real Property Tax Law defines "tax" as "a charge imposed upon real property by or on behalf of a county, city, town, village or school district *for municipal or school district purposes"* (emphasis added). Section 1308 of the Real Property Tax Law provides that "school district taxes shall be levied * * * upon all real property within the boundaries of the district which is not by law exempt * * * Such taxes shall be levied against each parcel of such real property. In all cases the levy shall be deemed as against the real property itself." (See, also, Real Property Tax Law, §§ 302, 1302; *Board of Educ. v Nyquist,* 94 Misc 2d 466.) There is no factual issue revolving about the interpretation of the parties' use of the phrase "real estate taxes" and hence it was error for Special Term to deny summary judgment. (See CPLR 3212, subd [b].) The temporary injunction previously granted in this case is no longer needed to preserve the plaintiffs' rights, and it is, therefore, vacated. (See *Tucker v Toia,* 54 AD2d 322.) Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.

■ MAE GEARY, Appellant, v JOSEPH LEWIS et al., Respondents.—Order of the Supreme Court, Rockland County, entered October 17, 1979, affirmed, without costs or disbursements, for the reasons set forth in the decision of Mr. Justice Quinn at Special Term. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.