OPINION OF THE COURT

Per Curiam.

Order entered July 13, 1982 affirmed, with $10 costs.
In this action, originally begun in the Small Claims Part and subsequently removed to the regular county division of Civil Court, plaintiff seeks a recovery of $15 from defendant New York City Transit Authority as a refund for subway token purchases. It is claimed that defendant provided persistently late train service and permitted unsanitary, unsafe, and overcrowded conditions on its trains during the period May, 1981 through November, 1981. The essence of plaintiff’s lawsuit is that the Transit Authority thereby breached its implied contract to transport him *330 arising from the sale and purchase of a token, and that there is no specific statute exempting the defendant from ordinary, common-law contract liability.
Special Term dismissed the complaint on the ground that no cause of action was stated, and we affirm. At the outset, it is at once apparent that however the relationship between the Transit Authority and the subway rider may be defined, it does not easily fit within the mold of familiar contract concepts. Of course one may recover what has been paid where there is a substantial failure of performance by the contracting party, but in this instance the consideration charged the user bears no logical relationship to the cost of a facility operated “not for gain but for service and convenience * * * The 20-cent payment [obviously an old case] is a tiny admission tax imposed on the user” (People v St. Clair, 56 Misc 2d 326, 328).
More significantly, the defendant is a “public benefit corporation” (General Construction Law, § 66, subd 4) “performing a governmental function” (Public Authorities Law, § 1202, subd 2; § 1264, subd 2). In the performance of governmental functions, services are rendered to the public generally for the benefit of the public as a whole, but absent a special relationship or unless an individual, private obligation is shown to exist, those services are not owed to any specific individual and individual relief may therefore not be granted (Glen v Rockefeller, 61 Misc 2d 942, affd 34 AD2d 930; Weiner v Metropolitan Transp. Auth., 55 NY2d 175). It is not just a question of standing to sue. It is also that courts refuse to be embroiled “in the administration of programs the primary responsibility for which lies in the executive branch of government”, even though plaintiff seeks recompense for “disturbing and even dreadful conditions” which are “matters of common knowledge” (Jones v Beame, 45 NY2d 402, 406-407; Matter of Abrams v New York City Tr. Auth., 39 NY2d 990). And the rule must obtain with equal force where injunctive or declaratory relief is sought, or where (as here) damages are sought in the guise of an action for breach of contract. Presumably, the Transit Authority by reallocating its resources and personnel could remedy the particular shortcomings complained of here. But it is not our function to *331 reorder governmental priorities, either directly by injunction or indirectly by countenancing a massive return of fares. The courts have disclaimed that function, advising well-intentioned complainants that “the ultimate public remedy against poor government management is at the voting machine.” (Matter of Abrams v New York City Tr. Auth., supra, p 993.)
Hughes, J. P., Riccobono and Sullivan, JJ., concur.