OPINION OF THE COURT
Memorandum.
Judgments unanimously reversed, without costs, and actions dismissed.
Plaintiffs were commuters on the Harlem line of Conrail. In the summer of 1982 service on that line deteriorated to the point where, on a great number of trips, the riders were subjected to inconveniences such as no seats available, delayed trains, lack of air conditioning with the windows being sealed, filthy bathrooms and shortage of equipment. As a result, plaintiffs instituted small claims against defendant and recovered judgments. Defendant appeals therefrom.
Conrail is the successor to Penn Central, which had entered into an agreement with the Metropolitan Transit Authority (hereafter MTA) in 1972 wherein it was agreed that Penn Central was to be "the common carrier with respect to the *1062 Harlem-Hudson Service and as such is obligated to operate the Harlem-Hudson Service as required by law”. Moreover, when the Legislature appropriated $44,400,000 for the rehabilitation and modernization of commuter service upon the Harlem and Hudson divisions of the Penn Central, it provided that the assets of any private carrier which executed a joint service arrangement with the MTA would be deemed a "railroad facility” and "transportation facility” of the MTA for all purposes of Public Authorities Law, article 5, title 11 (L 1970, ch 473). From this we conclude that Conrail was providing an essential government function and as such was entitled to the same immunity as the MTA would enjoy.
This view is enforced by the fact that the contract between MTA and Penn Central provides that MTA is entitled to any profit made by Penn Central and is also responsible for any deficits sustained. Thus, any claims against Conrail will eventually be paid by MTA (cf. Coleman v Westchester St. Transp. Co., 57 NY2d 734).
Inasmuch as individual relief could not be granted against the MTA (Leeds v Metropolitan Transp. Auth., 117 Misc 2d 329), the actions against Conrail must be dismissed.
DiPaola, P. J., Slifkin and Widlitz, JJ., concur.