(May 18, 1987)

■ ARTHUR ALTRO et al., Plaintiffs, and WILLIAM J. HOWARD, et al., Appellants, v CONRAIL, Respondent.—In an action to recover damages for breach of contract of carriage, the plaintiffs William Howard and Gordon Zimmerman appeal (by permission) from so much of an order of the Appellate Term of the Supreme Court for the 9th and 10th Judicial Districts, dated July 15, 1985, as reversed two judgments (one as to each of them) of the Justice Court of the Town of Greenburgh, Westchester County (Katz, J.), entered June 15, 1984, which were in their favor and against the defendant in the sums of $30.38 and $280.38 respectively.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants, commuters who regularly use the defendant's Harlem line between Westchester County and Grand Central Terminal, alleged that during the months of July and August 1982 there were an inadequate number of seats, trains were delayed, air conditioning was not functioning, there were insufficient ventilation and poor lighting, and there were unsanitary conditions. The defendant operated the Harlem line pursuant to a service agreement with the Metropolitan Transportation Authority (hereinafter the MTA). The MTA is a public benefit corporation (Public Authorities Law § 1263 [1]) created to continue and improve railroad commuter transportation (Public Authorities Law § 1264 [1]) throughout a commuter transportation district including Westchester County and the City of New York (Public Authorities Law § 1262).

Pursuant to section 409 of the service agreement, the MTA approved all budgets of the Harlem line. Any deficit between income from revenues and costs of the Harlem line would be reimbursed to the defendant by the MTA under section 408. The MTA would also be responsible for any judgments rendered against the defendant by virtue of its operation of the Harlem line including legal costs. The defendant was paid a fixed management fee for its services in operating the Harlem line for the MTA.

The appellants' claimed damages in this case grow out of an alleged failure to allocate sufficient resources to the maintenance and supply of railroad cars on the Harlem line. It is this factor, i.e., the failure to provide resources, that governs the question of liability (see, Weiner v Metropolitan Transp. Auth., 55 NY2d 175). This is not a matter within the control of the defendant but is subject to control by the MTA.

The appellants could not maintain an action directly against the MTA to compel it to allocate its resources in a particular manner *(see, New York State Inspection, Sec. & Law Enforcement Employees v Cuomo,* 103 AD2d 312, *affd* 64 NY2d 233; *McKechnie v New York City Tr. Police Dept.,* 130 AD2d 466; *Leeds v Metropolitan Transp. Auth.,* 117 Misc 2d 329). Further, the appellants may not maintain this action against Conrail, since Conrail is performing an essential governmental function for the MTA and the appellants' claims are based upon the decisions of the MTA, through its control of Conrail's budgets, as to the allocation of resources for this function *(Leeds v Metropolitan Transp. Auth., supra).*

In view of our determination, we have not reached the other points raised in this appeal. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur. *[See,* 129 Misc 2d 1061.]