■ HUMANE SOCIETY OF THE UNITED STATES et al., Respondents, v COUNTY OF MONROE et al., Appellants. [596 NYS2d 222] —Motion to vacate preliminary injunction granted. Memorandum: Supreme Court granted a preliminary injunction preventing the County of Monroe from proceeding with its plan to alleviate the nuisance caused by the overpopulation of deer in Durand Eastman Park. Pursuant to CPLR 5518, we vacate the injunction because plaintiffs failed to show a likelihood of success on the merits of the action *(see, Romano v Sullivan County Harness Racing Assn.,* 106 AD2d 819; *Matter of Schwartz v Rockefeller,* 38 AD2d 995, *lv dismissed* 30 NY2d 484, 664).

Supreme Court held that the nuisance permit *(see,* ECL 11-

0521) granted by the New York State Department of Environmental Conservation to the County of Monroe to shoot deer within Durand Eastman Park was invalid because the authority of the Department to issue nuisance permits is restricted by ECL 11-0907 (5), which provides that areas of Monroe County, including the park, are closed to the taking of deer. Contrary to the court's holding, the Legislature has expressly provided that certain enumerated prohibitions concerning wildlife (see, ECL 11-0901 [10]), including the prohibitions contained in ECL 11-0907, do not "restrict the authority of any special permit or license issued by the department" (ECL 11-0901 [14] [a]).

Over the years, the Department has issued nuisance permits for the shooting of deer in areas closed to hunting and it has construed the statutes to authorize that practice. " '[I]t is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld' " (Matter of Bernstein v Toia, 43 NY2d 437, 448, rearg denied 43 NY2d 950, quoting Matter of Howard v Wyman, 28 NY2d 434, 438; Ostrer v Schenk, 41 NY2d 782, 786). Present—Callahan, J. P., Green, Fallon, Doerr and Boomer, JJ. (Filed Mar. 24, 1993.)