Robert D. Cook, Esq. Informal Opinion Corporation Counsel No. 95-38 City of Kingston City Hall, One Garraghan Drive Kingston, N Y 12401
Dear Mr. Cook:
You have inquired as to whether the City of Kingston may raise revenue by permitting private enterprises to advertise on the City's public bus transportation system.
Local governments have the constitutional and statutory power to acquire, own and operate transit facilities for the benefit of their residents. N Y Const Art IX § 2(c)(7); Municipal Home Rule Law §10(1)(ii)(a)(7). Among other powers, the General Municipal Law grants a municipal corporation the authority to operate mass transportation systems in order to serve the public at adequate levels and at reasonable costs, and to contract with privately owned mass transporation systems for provision of service to its residents. General Municipal Law §119-r.
Since a municipality has the authority to operate a public bus system, it also by necessity has the authority to regulate the manner in which it is operated. See, New York State School Bus Operators Assoc. v County ofNassau, 39 N.Y.2d 638 (1976). Your letter of inquiry accurately notes that several of our previous opinions have expressed the view that a municipality is not authorized to permit public property to be used for the sole purpose of private business advertising — no benefit accrues to the municipality or the public weal. See, Op Atty Gen (Inf) No. 92-56; 1973 Op Atty Gen (Inf) 51. In the instant case, however, the City of Kingston plans to sell advertising space on its buses through a competitive bidding process, securing the revenue generated for the operation of its bus transit system. In defraying the cost of bus operations and presumably subsidizing fares, the sale of advertising space serves a public purpose. Further, the authority, under State law, to operate mass transportation systems reasonably includes the sale of advertising space, a common endeavor among common carriers. Municipalities specifically are authorized to contract with private systems, which typically sell advertising space to raise revenue. General Municipal Law § 199-r(1)(d). Kingston's decision to sell advertising space on its public bus transportation system may thus be deemed appropriately authorized and conducted under State law.
We find nothing legally objectionable with the sale of advertising space on Kingston's bus system, as it is a business activity directly related to the legitimate public function of operating Kingston's transit system.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Sincerely,
JOSEPH M. CONWAY
Assistant Attorney General