■ WEN YING JI, Respondent, v ROCKROSE DEVELOPMENT CORP. et al., Appellants. (And a Third-Party Action.) [823 NYS2d 400]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered August 15, 2005, which granted plaintiff's motion for partial summary judgment on the issue of liability, and granted in part defendants' cross motion to compel discovery, unanimously modified, on the law, so as to deny plaintiff's motion and grant defendants' cross motion to compel discovery on both liability and damages, and otherwise affirmed, without costs.

This is an action to recover damages for property taken from plaintiff's apartment when defendant landlord allegedly permitted third-party defendant Meng Shen unauthorized access to plaintiff's apartment. The sole piece of evidentiary material offered by plaintiff in support of her summary judgment motion was her own affidavit, detailing her conversations with the landlord's doorman regarding his giving access to plaintiff's apartment to third-party defendant Meng Shen. This affidavit was, in important respects, hearsay evidence, and as such was insufficient to satisfy the movant's burden of establishing a prima facie showing of entitlement to an award of summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *AIU Ins. Co. v American Motorists Ins. Co.*, 8 AD3d 83, 85 [2004]). Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.