(October 25, 2011)

■ MICHAEL STEINBERG et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and FIVE STAR ELECTRIC CORP., Appellant. [931 NYS2d 291]—

This negligence action arises out of a criminal assault on plaintiff Michael Steinberg as he entered a subway station. Defendant Tareyton Williams allegedly attacked plaintiff with battery-operated reciprocating saws. He obtained the saws from a site where employees of Five Star (defendant) were performing work on the station's public address system.

Five Star does not enjoy governmental immunity. First, Five Star is a private contractor (*see Matter of S.S. Silberblatt, Inc. v Tax Commn. of State of N.Y.*, 5 NY2d 635, 641 [1959], *cert denied* 361 US 912 [1959]). Second, subway construction is proprietary, not governmental, in character (*see Huerta v New York City Tr. Auth.*, 290 AD2d 33, 38 [2001], *appeal dismissed* 98 NY2d 643 [2002]; *compare Altro v Conrail*, 130 AD2d 612, 613 [1987] [action alleging failure to allocate sufficient resources could not be maintained against MTA or against Conrail, which was performing "an essential governmental function for the MTA"]). Thus, the doctrine of governmental immunity would not apply in these circumstances.

Supreme Court correctly found that, as movant, defendant failed to show that it did not breach a duty to plaintiff. Defendant relied on hearsay testimony and accident reports submitted

without an adequate foundation for their admission as business records (*see Wen Ying Ji v Rockrose Dev. Corp.*, 34 AD3d 253, 254 [2006]; *compare Buckley v J.A. Jones/GMO*, 38 AD3d 461, 462-463 [2007]). In view of the testimony of defendant's foreman that it was necessary to safeguard the tools from theft and that defendant's other employees had seen Williams hovering around them, talking and yelling, it cannot be found as a matter of law that Williams's criminal acts were unforeseeable and therefore a superseding cause of plaintiff's injuries (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944 [1997]). Concur— Tom, J.P., Catterson, Renwick, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 28 Misc 3d 1237(A), 2010 NY Slip Op 51628(U).]**