■ 2914 THIRD SPORTSWEAR REALTY CORP., Appellant-Respondent, v ACADIA 2914 THIRD AVENUE, LLC, Respondent-Appellant. [941 NYS2d 55]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered August 18, 2011, which, to the extent appealed from, upon granting plaintiff's motion for a *Yellowstone* injunction, directed plaintiff tenant to provide access to allow defendant landlord to perform construction work, and granted an abatement of rent until the end of the lease term, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings.

In this declaratory judgment action, tenant obtained a *Yellowstone* injunction to stay the proceedings in response to landlord's notice to cure, which claimed that tenant had breached the amended lease by refusing access to its premises to enable landlord to comply with a notice issued by the New York City Department of Buildings. However, the notice directs landlord only to "verify" that the space conforms to the requirements of the Americans with Disabilities Act (Administrative Code of City of NY § 27-292.1). Moreover, it is unclear whether the proposed construction of a new elevator in tenant's space is required to comply with the law's provisions or merely to accommodate an incoming tenant's proposed use of the adjoining space.

The injunction directing tenant to allow access for the purpose of constructing the elevator shaft exceeded the scope of interlocutory injunctive relief. A *Yellowstone* injunction is a provisional remedy, and the purpose of interlocutory relief is not to determine the ultimate rights of the parties but to maintain the status quo until a full hearing on the merits can be held (*see Gambar Enters. v Kelly Servs.*, 69 AD2d 297, 306 [1979]). Directing that the elevator construction proceed does not merely restrain, but rather directs action absent any hearing to determine whether such extraordinary relief is essential to maintain the status quo (*Times Sq. Stores Corp. v Bernice Realty Co.*, 107 AD2d 677, 682 [1985]). Moreover, the order prematurely decides the disputed factual issue of whether renovation is required to comply with the Department of Buildings' notice so as to afford

landlord a right of access under the lease (*see Tucker v Toia*, 54 AD2d 322, 327 [1976]). Concur—Tom, J.P., Andrias, Catterson, Richter and Abdus-Salaam, JJ.

———

Motion, insofar as it seeks to supplement the record, denied; motion, insofar as it seeks to vacate the stay previously granted by this court, denied as academic.