■ KIMON STATHAKOS, Individually and as Representative of All Others Similarly Situated, Appellant, v METROPOLITAN TRANSIT AUTHORITY LONG ISLAND RAILROAD, Respondent. [971 NYS2d 557]—

In a putative class action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Farnetti, J.), dated April 13, 2012, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that his purchases of monthly commutation tickets on the defendant's railroad created a contractual obligation on the part of the defendant to provide train service and that he and others similarly situated were entitled to "some sort of refund or credit" because the defendant breached this obligation by suspending or cancelling service on certain days

due to severe weather conditions. The Supreme Court granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Green v Gross & Levin, LLP*, 101 AD3d 1079, 1080-1081 [2012]). A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Green v Gross & Levin, LLP*, 101 AD3d at 1080-1081).

Here, even assuming that the purchase of the monthly commutation tickets created an obligation on the part of the defendant to provide train service, the documentary evidence submitted by the defendant, in the form of tariff schedules undisputedly in effect at all relevant times, conclusively established a defense as a matter of law to the allegations of breach of contract. The tariff schedules specifically acknowledged the possibility that train service might be delayed or cancelled and clearly and unambiguously stated that no refunds would be given for such delays or cancellations. Indeed, even if the weather conditions were deemed "natural disasters," or something akin thereto, the tariff schedules only required that the defendant "immediately render" a "position" with regard to refunds. Inasmuch as the tariff schedules established that the defendant did not breach any contractual obligation by failing to issue a credit or refund for the cancelled train service, that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint was properly granted.

Moreover, to the extent that the complaint may be construed as sounding in tort, the Supreme Court properly directed dismissal of any such claim pursuant to CPLR 3211 (a) (7), even accepting the facts alleged as true (*see Leon v Martinez*, 84 NY2d at 87-88). The defendant is a public benefit corporation performing an "essential governmental function" (Public Authorities Law § 1264 [2]; *see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 386 [1987]), and its decision not to issue refunds as a result of the subject service interruptions, like its decision to suspend services because of weather conditions, was discre-

tionary in nature. As such, the defendant is not answerable in damages (*see Haddock v City of New York*, 75 NY2d 478, 484 [1990]; *Kelleher v Town of Southampton*, 306 AD2d 247, 248 [2003]; *Leeds v Metropolitan Transp. Auth.*, 117 Misc 2d 329 [1983]; *see generally Valdez v City of New York*, 18 NY3d 69 [2011]; *McLean v City of New York*, 12 NY3d 194, 203 [2009]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.