**Carmen M. PANGELINAN, Santiago C. Masga, Adan C. Masga, Jr. and Adan M. Masga, Plaintiffs-Appellants,**

v.

**Antonia M. TUDELA, Defendant-Appellee.**

No. 83–2398.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 1984.

Decided May 25, 1984.

Ramon ·G. Villagomez, Saipan, CM, for plaintiffs-appellants.

Vicente T. Salas, Saipan, CM, for defendant-appellee.

Before CHOY, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM.

Adan M. Masga and his children appeal from an adverse determination of the ownership of land on the Island of Rota. They contend that his children were not given notice of a hearing conducted by the Land Commission of the Trust Territory of the Pacific Islands. They say that Masga's daughter had been appointed as his representative and that the appellee took advantage of her absence to obtain Masga's land by trickery.

In the late 1960's and early 1970's, Adan M. Masga [1] showed signs of what the trial court characterized as "mental disorientation." One such sign was his sale of some land for inadequate consideration. Accordingly, Adan's children—appellants Carmen M. Pangelinan, Santiago C. Masga and Adan C. Masga, Jr.—took steps in March 1972 to obtain power to act on his behalf in his land dealings. Adan swore to an "affidavit" appointing his daughter Carmen "land trustee of all my properties on Rota ..." and executed a power of attorney granting Carmen the power to act for him in his land dealings. The "affidavit" was prepared by a member of the Land Commission and was filed with the Commission.

Shortly before he executed these documents, Adan applied to the Land Commission for registration of a parcel of land on the island of Rota that he lived on and farmed. The Land Commission has jurisdiction to determine and register title to land in the Trust Territory. *See* Trust Terr.Code §§ 101–120 (1980).[2]

The Land Commission conducted a hearing on Adan's application in October 1972. Neither Carmen nor either of Adan's other children received notice of or were present at the hearing. At the hearing Adan signed an "affidavit" granting the parcel to appellee Antonia M. Tudela. The Commission in due course issued a Determination of Ownership recognizing Tudela as the owner of the parcel.

Appellants appealed the Commission's determination to the Commonwealth Trial Court. The trial court set aside the Commission's action, holding that the Commission should have given Adan's children notice of the hearing. Tudela appealed the trial court's decision to the Appellate Division of the District Court for the Northern Mariana Islands which reinstated the Land Commission's Determination of Ownership. This appeal followed. We have jurisdiction under 48 U.S.C. § 1694c (Supp. V 1981). *See Camacho v. Civil Service Commission,* 666 F.2d 1257 (9th Cir.1982).

Appellants contend that 67 Trust Terr. Code § 110(1)(c), which provides that notice of land registration hearings is to be served "upon all parties shown by the preliminary inquiry to be interested ...," gave Carmen a right to notice of the hearing.

We disagree. The actual notice of the hearing that Adan received satisfies § 110. Appellants argue only that Carmen's capacity as Adan's representative in land matters made her an "interested party" entitled to notice under § 110. But because Adan, her principal, received notice of the hearing, Carmen cannot complain that she, as agent, failed to receive notice.

If Adan had been adjudicated an incompetent and a guardian had been appointed for him, § 110 might require that notice be given to his guardian. *See, e.g., Hickey v. Naruth Realty Corp.,* 71 A.D.2d 668, 419 N.Y.S.2d 12 (1979); *Goetz v. Gunsch,* 80 N.W.2d 548 (N.D.1957); 41 Am.Jur.2d *Incompetent Persons* § 114. Carmen, however, was not his guardian. Moreover, the trial court did not find that Adan was incompetent at the time of the hearing. It found only a "serious question" as to his

---

1. Mr. Masga's name is variously spelled as Adam, Adan, and Aldan.

2. The island of Rota is now part of the Commonwealth of the Northern Mariana Islands. The portions of the Trust Territory Code dealing with land registration have been replaced by the N. Mar. I. Land Commission Act of 1983, P.L. 3–79 (October 11, 1983), codified at N.Mar.I. Code §§ 4211–4252 (1984)).

competency, which, as the Appellate Division of the District Court noted, falls short of a finding of incompetency. Therefore, there is no need to decide in this case whether notice to an incompetent person without a guardian satisfies § 110.

Title 67 Trust Terr.Code § 113 directs the Commission to appoint a guardian to represent any person that the Commission finds incompetent. The Commission did not abuse its discretion by failing to inquire into Adan's competency at the time of the hearing. First, as the trial court found, Adan "may have appeared to be acting in a normal manner and in possession of his mental faculties" when he appeared at the hearing. Second, the "affidavit" that Adan filed with the Commission appointing Carmen his "land trustee" would not have given the Commission reason to question Adan's competency. For all the Commission knew, the appointment had been made for the sake of convenience rather than out of concern for Adan's competency, because Adan had himself executed the document, suggesting that he was competent to manage his affairs.

The judgment of the Appellate Division of the District Court of the Northern Mariana Islands is affirmed.