| | | |
|---|---|---|
| ANGELA ROBERTO CABRERA, )<br>    Plaintiff/Appellant, )<br>)<br>        vs. )<br>)<br>HEIRS OF PILAR DE CASTRO, )<br>et al., )<br>    Defendants/Appellees. )<br>_____ ) | APPEAL NO. 89-018<br>CIVIL ACTION NO. 88-359<br><br>OPINION | |

Argued May 31, 1990

Counsel for Plaintiff/Appellant:  Juan T. Lizama
P. O. Box 1508
Saipan, MP 96950

Reynaldo O. Yana
P. O. Box 52
Saipan, MP 96950

Counsel for Defendants/Appellees: Miguel S. Demapan[1]
P. O. Box 1638
Saipan, MP 96950

Counsel for Defendants/Appellees: James S. Sirok[2]
P. O. Box 2145
Saipan, MP 96950

BEFORE:  DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

_____

[1]Miguel S. Demapan represents defendants Nicolas A. Santos, Ignacio Songao, and Antonia R. Iglecias on this appeal.

[2]James S. Sirok represents defendants William M. Roberto and Herman M. Roberto on this appeal.

173

BORJA, Justice:

This is an appeal from a grant of summary judgment by the Superior Court on November 9, 1989, in favor of defendants.

## BACKGROUND

The Land Commission Office issued a Determination of Ownership on March 7, 1984, determining that lot E.A. 851 belonged to the heirs of Pilar De Castro. Plaintiff, Angela Roberto Cabrera, is the daughter of Pilar De Castro. Defendants/appellees are the grandchildren of Pilar De Castro.

Plaintiff filed a lawsuit on April 20, 1988, seeking to quiet title to lot E.A. 851 in her name. She claimed sole ownership to the land by virtue of an alleged "partida," pursuant to Chamorro custom. The complaint named as defendants all of the known (seventeen in all) and unknown heirs of Pilar De Castro. Certain heirs filed answers. They disputed that the land belonged solely to plaintiff by virtue of a "partida." They contended that plaintiff only had an undivided one-sixth interest in the land.

After the deposition of plaintiff was taken, certain defendants moved for summary judgment. Plaintiff cross-moved for summary judgment.

Defendants filed their motion for summary judgment on September 20, 1988, based on the deposition of plaintiff where she stated that there was no "partida." Defendants' reliance on the deposition was countered by plaintiff's own affidavit and the affidavit of Elena Q. Sablan declaring that there was a "partida."

The trial court granted summary judgment in favor of defendants

on October 23, 1989. It concluded that plaintiff failed to raise a genuine issue of fact regarding a "partida." The court based its conclusion on the affidavits and the deposition. It decided that the affidavits did not rise to the level of setting forth sufficient indicia of a "partida."

## ISSUE PRESENTED

Did the trial court err in holding that appellant failed to raise a genuine issue of fact as to a "partida"?

## STANDARD OF REVIEW

On an appeal from a grant of summary judgment, the standard of review is limited to determining whether there is a genuine issue of material fact, and if there is none, then whether the law was correctly applied. Manglona v. Camacho, 1 CR 820 (D.NMI App.Div. 1983); Marianas General Corporation v. Government CNMI, 1 CR 408 (D.NMI App.Div. 1983).[3] It is a de novo review.

## ANALYSIS

For the reasons stated hereafter, we reverse the grant of summary judgment.

Plaintiff argues that the trial court erred when it concluded in its order that she failed to raise a genuine issue of fact. She

---

[3]None of the parties noted to us what they thought is the appropriate standard of review. Counsel are warned that they must comply with our Rules of Appellate Procedure.

In addition, Mr. Yana and Mr. Demapan failed to include in their briefs a statement of jurisdiction. Mr. Demapan also failed to include in his brief 1) a statement of related cases, 2) a certificate as to interested parties, and 3) a red cover. They are advised to carefully review our appellate rules prior to filing briefs in the future.

contends that she has no burden to show the existence of a genuine issue of material fact. We disagree.

In a motion for summary judgment, the movant has the initial burden of showing that no genuine issue of material fact exists. Government NMI v. Micronesian Insurance Underwriters, Inc., 2 CR 1164 (D.NMI App.Div. 1987). However, once the moving party meets that burden, the burden shifts to the opponent to show that a genuine issue of a material fact does exist. Concepcion v. American International Knitters Corp., 2 CR 939 (D.NMI App.Div. 1986).

We now address the question of whether the record shows that a genuine issue of material fact exists with regard to a "partida."

In a motion for summary judgment, the law is well established that the trial court must review the evidence and inferences in a light most favorable to the non-moving party. Government NMI v. Micronesian Insurance Underwriters, Inc., supra; Lizama v. Rios, 2 CR 568 (D.NMI App.Div. 1986); and Pangelinan v. Castro, 2 CR 429 (D.NMI App.Div. 1986).

Here, the trial court relied on the statement of the plaintiff in her deposition that there was no "partida." It reviewed the affidavits and found that they did not raise a genuine issue of fact as to whether there was a "partida."[4]

While we agree that the affidavit of a party opposing a motion

---

[4]We agree with the trial court that even if the affidavits were hearsay , they fall within the exceptions contained in Rule 803(19) and (20) of the Rules of Evidence.

176

for summary judgment cannot state conclusive statements, <u>Concepcion v. American Int'l Knitters. Corp.</u>, <u>supra</u>, the affidavit of Mrs. Elena Q. Sablan and the pleadings themselves do point to the possible existence of a "partida."

The affidavit of Mrs. Elena Q. Sablan does state that she was told by her mother (plaintiff's sister and the oldest child of Pilar De Castro, deceased), and by her grandmother (plaintiff's mother and the original owner of the land), that the land was plaintiff's share of family lands. She also declared that her mother and the other children of Pilar and Jose Roberto obtained their share of family lands. Although it is true that the affidavit does not state the time, place, or members present when the "partida" was made, the declarations made in the affidavit of Mrs. Elena Q. Sablan should be viewed in the light most favorable to the opposing party, <u>i.e.</u>, that there was a "partida."

The complaint alleges that plaintiff's children are occupying the land. The answers admit that at least a small portion of the land is being occupied by plaintiff's children. Viewing this evidence and the inferences therefrom in the light most favorable to the appellant, there is raised the possibility that a "partida" exists.

We note that the elements stated by the lower court necessary to prove a "partida" are elements necessary to prove an <u>ideal</u> "partida." A "partida" is inherently flexible and can be shown through ways other than through the <u>ideal</u> "partida." <u>See</u> <u>Pangelinan v. Tudela</u>, 1 CR 708, 711 (D.NMI App.Div. 1983), <u>aff'd</u>,

177

733 F.2d 1341 (9th Cir. 1986); and _In re the Estate of Taisakan_, 1 CR 326, 333 (D.NMI App. Div. 1982).  Plaintiff should be given the opportunity to prove at trial that a "partida" was made.[5]

## CONCLUSION

The summary judgment is reversed and remanded for a trial.

_____
Jose S. Dela Cruz
Chief Justice

_____
Ramon G. Villagomez
Associate Justice

_____
Jesus C. Borja
Associate Justice

---

[5]We note that the trial court appears to have made an erroneous factual finding.  In its Order, it stated that "plaintiff's case depends entirely on the asserted partida which took place prior to her birth." (Emphasis added.)  A review of the record does not disclose such fact.  There is a statement in the affidavit of plaintiff that her mother told her that there had been a division of the family lands "before my father died."  While it is true that the father died when plaintiff was only a month old, it is conceivable that it could be proven that the alleged "partida" occurred after her birth, even if it was only for a one month period.