■ MAURICE COLBERT et al., Respondents, v INTERNATIONAL SECURITY BUREAU, INC., et al., Defendants, and SOUTHERN RAILWAY COMPANY, Appellant.—In a defamation action, the defendant Southern Railway Company appeals from so much of an order of the Supreme Court, Kings County, entered October 5, 1978, as, after a hearing, denied its motion to quash service of the summons and complaint and to dismiss the complaint as against it. Order affirmed insofar as appealed from, with costs. At the hearing to determine whether the person served was a "managing * * * agent" under CPLR 311 (subd 1), it was determined that the person was an employee of the appellant and served as office manager in its New York City sales office. She supervised four clerks and the switchboard operator, ordered office supplies, was in charge of a petty cash fund and dealt with customers. In general, she was responsible for assuring that the office ran smoothly. It is also to be noted that no employee of the appellant in that office had the title of "managing agent". It is clear that this employee had sufficient powers involving the exercise of judgment and discretion to qualify as a "managing * * * agent" under CPLR 311 (see *Taylor v Granite State Provident Assn.,* 136 NY 343; *Jacobs v Zurich Ins. Co.,* 53 AD2d 524, mot to dismiss app granted 40 NY2d 844; *Sullivan Realty Organization v Syart Trading Corp.,* 68 AD2d 756), and, therefore, was a proper person to accept service of process on behalf of the appellant. Mollen, P. J., O'Connor and Rabin, JJ., concur.

Damiani, J., dissents and votes to reverse the order insofar as appealed from and grant the defendant railroad's motion to quash and dismiss, with the following memorandum: The issue in this case is whether service of a summons was properly effected upon a corporation. The plaintiff's process server delivered the summons to a Mrs. Robin Cohen, who is employed in the New York City freight sales office of the defendant-appellant, Southern Railway Company. Appellant's New York City office was headed by John Blair, its district sales manager, and was staffed by six sales representatives, the secretary to Mr. Blair, a switchboard operator, four secretary-clerks and Mrs. Cohen, who held the title of office manager. Plaintiff contends that Mrs. Cohen was the managing agent of appellant within the meaning of that term as used in CPLR 311 (subd 1) and that, accordingly, service upon her conferred in personam jurisdiction over the corporation. For the reasons stated in my dissent in *Sullivan Realty Organiation v Syart Trading Corp* (68 AD2d 756), it is my opinion that the service of process in this case was defective. A managing agent is a person who has the power and discretion to act on behalf of the corporation and to bind it in its business dealings with third persons (see *Taylor v Granite State Provident Assn.,* 136 NY 343). The only conclusion that can logically be drawn from this record is that Mr. Blair was the appellant's managing agent in New York. Regardless of her title, Mrs. Cohen's duties clearly indicate that she was no more than a supervising clerk whose job it was to see that appellant's sales office ran smoothly. Calling her an "office manager" does not make her a "managing agent".