■ GEORGE W. HICKEY, Respondent, v NARUTH REALTY CORP. et al., Appellants.—Appeal by the defendants from an order of the Supreme Court, Queens County, dated September 28, 1978, which denied their motion to dismiss the complaint for lack of in personam jurisdiction. Order modified, on the law, by adding thereto, immediately after the word "denied", the following: "only as to defendant Lindenbaum & Young, Esqs., and is granted as to defendant Waxman." As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for a hearing and new determination as to the corporate defendants in accordance herewith. In this action a professional appraiser sues to recover for services rendered to the corporate defendants and their principal, defendant Harry Waxman, through the defendant law firm of Lindenbaum & Young. Plaintiff's attorney served the summons and complaint upon the defendants. It is the propriety of the methods of service that he utilized which is the subject of this appeal. With respect to the law firm, the attorney left a copy of the summons and complaint with a person employed by the firm and thereafter mailed a copy to the residence of one of the partners. Service was therefore properly effected upon the partnership of Lindenbaum & Young (see CPLR 310, 308, subd 2). Plaintiff's attorney then went to the joint office of the two defendant corporations and left three copies of the summons and complaint with a person named Marcia Wolfe, purportedly to effect service upon the corporations and on the individual defendant, Waxman. Plaintiff did not undertake to mail copies of the process to Waxman and the corporations. At oral argument of this appeal the attorney for defendant Waxman argued that the action against his client should be dismissed because it appears uncontroverted from the record that Waxman is a judicially declared incompetent and the purported service upon him was therefore ineffective. We agree. If Waxman is indeed a judicially declared incompetent, service upon him was ineffective because the process was never served upon his committee (see CPLR 309, subd [b]). On the other hand, if he is not an

incompetent, the plaintiff patently failed to serve him individually under any of the provisions of CPLR 308. However, as to the corporations, the matter must be remitted to Special Term for a hearing because this record presents a question of fact as to whether the corporations were properly served pursuant to the provisions of CPLR 311 (subd 1) (see *Sullivan Realty Organization v Syart Trading Corp.,* 68 AD2d 756; *Colbert v International Security Bur.,* 70 AD2d 945). Hopkins, J. P., Damiani, O'Connor and Mangano, JJ., concur.