■ VINCENZO CERRATO et al., Appellants-Respondents, v THURCON CONSTRUCTION CORP. et al., Respondents-Appellants, and MAN-VAS DEVELOPMENT COMPANY, et al., Respondents. 211 THOMPSON CORP., Defendant and Third-Party Plaintiff, v THURCON CONSTRUCTION CORP., Third-Party Defendant. — Order entered July 23, 1982 in Supreme Court, New York County (Greenfield, J.), unanimously affirmed, without costs. Order of the same court entered October 21, 1982 unanimously modified, on the law and the facts and in the exercise of discretion, to grant plaintiffs' motion for an order directing Harold Thurman and Zurich Insurance Co. to appear for examination before trial on the issue of ownership, and to deny defendants' (Man-Vas Development Co. and Thurcon Development Co.) cross motion to dismiss the complaint as to them, pending determination by the court below of the validity of service, and the order is otherwise affirmed, without costs. Special Term's original finding that "plaintiffs have actively prosecuted their claim * * * [and] [t]he partnership defendants have not been prejudiced by the delay" (original decision dated April 29, 1982, recalled by decision on order entered July 23, 1982) was correct and these defendants' argument, that the failure to enter default against them within one year entitles them to dismissal, is not persuasive. Such an overly Draconian application of CPLR 3215 (subd [c]) is not warranted where plaintiffs have been engaged in lengthy discovery, frustrated in part by the obstinance of a principal of both partnership defendants. Furthermore, we find this record insufficient to factually determine whether or not service was properly made upon the partnership defendants. CPLR 310 provides that personal service can be made upon a partnership by personally serving any one of the partners, and CPLR 308 (subd 3) equates personal service upon a natural person with delivery of the summons "to the agent for service of the person to be served as designated under rule 318". The Court of Appeals has held, in an apparently similar situation, that "if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained". (*Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 272 [per Wachtler, J.].) Here Special Term erred in relying on CPLR 308 (subd 2) and we deny defendants' motion to dismiss so that the court can make the appropriate determination. We note, in passing, that on this very same issue involving the same plaintiffs but a different defendant, plaintiffs have been

afforded a jury trial (cf. *Cerrato v Thurcon Constr. Corp.*, 92 AD2d 89), with leave to appeal to the Court of Appeals being *sua sponte* granted by this court. While the underlying order, affirmed by us today, directed a reference on this issue, the court below may wish to take appropriate action to avoid a conflicting resolution where, but for the possible waiver problem, there would certainly be consolidation of the two. (CPLR 602, 4101; *Tanne v Tanne,* 30 AD2d 956; *Barnet Weinstein & Sons v Dic Concrete Corp.,* 29 AD2d 683, 684.) The second issue involves the need to examine both Harold Thurman and Zurich Insurance Company, the carrier for all of the defendants. We find no reason not to grant this motion, especially in light of the unexplained change in testimony of Thurman's employee as to defendant 211 Thompson Corporation's ownership of the building at which the accident occurred. It is reasonable to require Thurman and the insurer to testify as to ownership, and neither indicates that any prejudice inures to them by being so compelled. Accordingly, in the interests of justice we also modify the order appealed from so as to grant plaintiffs this request. Concur — Carro, J. P., Asch, Bloom, Fein and Kassal, JJ.