■ JUSTINA SEARING, as Administratrix of the Estate of HARRY G. SEARING, Deceased, et al., Appellants, v SATISH ANAND et al., Respondents, et al., Defendants.—In a medical malpractice action, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), entered August 26, 1985, as, upon reargument of the motion of the defendants Satish Anand and East Nassau Medical Group for summary judgment dismissing the complaint insofar as it is asserted against them, adhered to its original determination in an order dated June 18, 1985, which granted the motion.

Ordered that the order is reversed, insofar as appealed from, on the law, with costs, the order dated June 18, 1985, is vacated, and the motion of the defendants Satish Anand and East Nassau Medical Group for summary judgment dismissing the complaint insofar as it is asserted against them is denied.

Over three years after the commencement of the instant malpractice action, the defendants Satish Anand and East Nassau Medical Group moved for summary judgment seeking dismissal of the complaint premised upon the contention that the plaintiffs' January 1982 service of the summons upon them was defective because "[m]erely leaving pleadings with a secretary is insufficient". The plaintiffs defaulted on the motion but within a month of receiving notice of the order granting it, they moved for renewal and reargument seeking vacatur of that order. In their motion papers, the plaintiffs revealed that their failure to oppose the motion was attributable to law office failure. According to the plaintiffs, counsel

inadvertently failed to properly diary the respondents' motion after it became confused with the motion of another defendant in the suit, calendared for the same day, which the plaintiffs did not intend to oppose. The plaintiffs contend, however, that they never intended to allow the respondents' motion to be submitted without opposition. With respect to the substantive merit of the respondents' contentions as to personal jurisdiction, the plaintiffs stated, without contradiction by the respondents, that in 1982 they effected service upon the respondents by leaving a copy of the summons and complaint with an administrative secretary for the East Nassau Medical Group, of which the defendant Anand was a partner, and by thereafter mailing copies of the papers to Anand at his Plainview residence. Special Term, treating the motion as one for reargument, granted reargument, but nevertheless adhered to its original determination granting the motion to dismiss.

We conclude that Special Term, under the circumstances present herein, erred in adhering to its original determination which had granted the respondents' motion. This court is statutorily empowered to excuse a delay or default resulting from law office failure (see, CPLR 2005; *Gulledge v Adams,* 108 AD2d 950, 951; *see also, Raphael v Cohen,* 62 NY2d 700, 701). At bar, the record reveals that the plaintiffs' default was caused by counsels' inadvertent failure to properly diary the respondents' motion after it became confused with another motion in the same suit which the plaintiffs did not wish to oppose. No intent to abandon the prosecution of this suit is discernible inasmuch as the plaintiffs moved immediately to vacate their default. Thus, "[t]he delay involved, less than a month, was neither intentional nor serious enough to cause any prejudice" to the respondents *(Harris v Triangle Aviation Servs.,* 110 AD2d 882, 884). More significantly, the undisputed facts disclose that the plaintiffs clearly obtained jurisdiction over the respondents by properly effectuating service of process pursuant to CPLR 308 (2) (see also, CPLR 310; *cf., Hickey v Naruth Realty Corp.,* 71 AD2d 668). Accordingly, we conclude that, upon reargument, the respondents' motion to dismiss should have been denied. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.