(August 31, 1987)

■ SAMI BASARANLAR, Appellant, v PELHAM BAY GENERAL HOSPITAL, Respondent, et al., Defendants.—In an action to recover damages, *inter alia,* for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Bambrick, J.), dated January 21, 1986, which, after a hearing, granted the motion of the defendant Pelham Bay General Hospital to dismiss the complaint insofar as it is asserted against it, for lack of personal jurisdiction.

Ordered that the order is affirmed, without costs or disbursements.

The evidence adduced at the hearing indicates that plaintiff attempted to effectuate personal service on the defendant Pelham Bay General Hospital, a partnership, by personally serving an administrative assistant thereof, who was not herself a partner. CPLR 310 provides that "[p]ersonal service upon persons conducting a business as a partnership may be made by personally serving the summons * * * upon any one

of them". Accordingly Trial Term properly held that personal jurisdiction was not acquired over the defendant Pelham Bay General Hospital (see, *Italian Colony Rest. v Wershals,* 45 AD2d 841; cf., *G-M Assocs. v Aldo Realty Co.,* 59 AD2d 733, *lv denied* 43 NY2d 648). Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.