■ MARTON ASSOCIATES, Respondent, v PETER VITALE et al., Defendants, and ANTHONY PONSIGLIONE et al., Appellants.—In an action to foreclose a mortgage, the defendants Anthony Ponsiglione, Charles Vogel and Joseph Romagnolo, doing business as Alaska Associates, appeal (1) from an order of the Supreme Court, Richmond County (Cusick, J.), dated October 26, 1989, which granted the plaintiff's motion for summary judgment and denied their cross motion to amend their answer, and (2) as limited by their brief, from so much of a judgment of the same court, dated March 2, 1990, as directed foreclosure and sale of the subject property.

Ordered that the appeal from the order dated October 26, 1989, is dismissed; and it is further,

Ordered that the judgment dated March 2, 1990 is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order of October 26, 1989 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

On May 6, 1988, the defendant Alaska Associates as mortgagor, executed a mortgage note and mortgage in favor of the plaintiff Marton Associates as mortgagee in the amount of $670,000 covering a vacant lot located on Alaska Avenue, in Richmond County. Both of these covenants contained acceleration clauses. When Alaska Associates defaulted in making the first semi-annual payment in the sum of $33,500 the plaintiff instituted the instant action to foreclose the mortgage.

The failure of the plaintiff to comply with the statutory mandate of RPAPL 1301 (2) requiring that the complaint state whether any other action had been brought to recover on any part of the mortgage debt does not warrant dismissal of the complaint. Since there has been no demonstration or allegation of prejudice to the rights of any party, this defect may be ignored *(see,* CPLR 2001, 3025). In any event, the plaintiff

subsequently satisfied the statute when it declared in motion papers that no other proceedings had been commenced for recovery of the sum sought *(see, Ajello v Ajello Co.,* 214 App Div 729).

Summary judgment was properly granted to the plaintiff as Alaska Associates failed to assert any defenses properly raising a question of fact as to the default on the mortgage *(see, Lombardi v Pisari,* 77 AD2d 646). In support of its motion for summary judgment, the plaintiff established its case as a matter of law through the production of the mortgage and the unpaid note. It was then incumbent upon Alaska Associates to demonstrate, by admissible evidence, the existence of a triable issue of fact *(see, Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151; *Grasso v Shutts Agency,* 132 AD2d 768; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627). The vague assertions and unsupported statements made by Alaska Associates do not raise issues of fact relative to the failure to make the payments as required under the mortgage and note.

While leave to amend pleadings should be freely given *(see,* CPLR 3025), bare conclusory allegations are insufficient to sustain a cause of action sounding in fraud. Accordingly, the Supreme Court properly denied leave to amend the answer to assert additional counterclaims sounding in fraud *(see, Glassman v Catli,* 111 AD2d 744; *Lombardi v Pisari, supra).*

Finally, as personal service upon persons conducting business as a partnership may be made by personally serving the summons upon any one of the partners, proper service upon two of the partners conferred personal jurisdiction over Alaska Associates *(see, Hickey v Naruth Realty Corp.,* 71 AD2d 668). Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.