OPINION OF THE COURT
Stephen G. Crane, J.
This is a mortgage foreclosure action. Plaintiffs move for appointment of a receiver. Defendant Krest Associates cross-moves to dismiss the action for lack of personal jurisdiction over the partnership of Krest Associates and for failure to state a cause of action.[1] Plaintiffs ask the court to treat the cross motion as one for summary judgment. (CPLR 3211 [c].)
On December 19, 1984, B.A.F. Corp. assigned to plaintiff a mortgage and note which bound defendant Krest Associates, a partnership, to make payments on the original principal sum of $710,000. Due to an alleged default in the mortgage a receiver of rents for the property was requested. Defendant cross-moves to dismiss the complaint in its entirety, pursuant to CPLR 3211 (a) (8), for lack of jurisdiction over the partnership, and for failure to state a cause of action, pursuant to CPLR 3211 (a) (7).
Defendant alleges that service of process was defective under CPLR 310 (c) since the summons and complaint were left on the doorstep of the home of one of the general partners. CPLR 310 (c) states that "[w]here service under subdivisions (a) and (b) of this section cannot be made with due diligence, it may be made by affixing a copy of the summons to the door of the actual place of business of the partnership” (emphasis added).
Chapter 338 of the Laws of 1991 amended CPLR 310, "Personal service upon a partnership,” by increasing the number of permissible alternative methods of service of process on partnerships. Subdivision (a) of the amended statute preserves the original language of section 310, allowing service of process on any partner to bind the partnership, but *996 expands the rule by deleting the requirement that service be made within the State. Subdivisions (b) through (e) further expand the rule by providing alternative methods of service. Prior to the amendment, it was very difficult to serve a partnership. (Bill Jacket, L 1991, ch 338.) CPLR 310 provided for service upon a partnership only through personal service on a partner within the State. However, other provisions such as CPLR 303, 308, 313 and 318 provided alternative methods of service. (1 Weinstein-Korn-Miller, NY Civ Prac 310.01.) In actions involving partnerships, the courts routinely approved service pursuant to these CPLR provisions. In permitting personal service upon a partner, CPLR 310 implicitly invoked the substituted service provisions of CPLR 308 (2), (3), (4) and (5). (Id., 1Í 310.02.) The issue at bar is whether the amended version of CPLR 310 eliminates these alternative methods of service in CPLR 308 or supplements them. This court holds that amended CPLR 310 still allows partnerships to be served by personally serving a partner pursuant to CPLR 308.
Defendant relies on the Supplementary Practice Commentaries to CPLR 310 by Professor Vincent C. Alexander (McKinney’s Cons Laws of NY, Book 7B, 1992 Pocket Part). Professor Alexander says that amended CPLR 310 was intended to supplant means of serving process on a partnership previously recognized under CPLR 308. He asks, if the intent of the Legislature was to preserve service in accordance with CPLR 308 via CPLR 310 (a), why did the drafters adopt the particularized provisions of CPLR 310 (b) to (e).[2] Professor Alexander concludes that CPLR 310 (a) "contemplates only personal delivery to a partner and does not incorporate by reference all of the methods of personal service that are contained in CPLR 308.” (Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C310:l, 1992 Pocket Part, at 33.) This court disagrees.
*997 It is apparent from the Bill Jacket of Laws of 1991 (ch 338) that the concern of the Legislature in amending CPLR 310 was to facilitate service of process on partnerships. This is evident in the rule itself which, inter alla, now allows service on any person in charge of the partnership office, or on a managing or general agent of the partnership. (CPLR 310 [b].) The amended section also authorizes the court to enter an order fashioning the mode of service. There is no evidence that the Legislature, in amending CPLR 310, intended to prevent substituted service upon partnerships pursuant to CPLR 308 (4). To the contrary, the Bill Jacket reveals that the purpose of amending CPLR 310 was to make it easier to serve partnerships.[3] Therefore, by preserving the language "personally serving” in CPLR 310 (a), the Legislature maintained the court’s construction of the rule which permits service of process pursuant to CPLR 308.
Defendants’ application to dismiss the complaint for failure to state a claim must also be denied. CPLR 3013 requires that a complaint give notice of the events out of which the grievance arises and cover the substantive material elements that make up the particular cause of action. The pleadings must be liberally construed. Even if the pleadings "reek of miserable draftsmanship,” if they state any cause of action, no motion under CPLR 3211 (a) (7) will stand. (Siegel, NY Prac § 208, at 301 [2d ed 1991].) Upon such a motion the court is to look at substance rather than form. (Foley v D’Agostino, 21 AD2d 60 [1st Dept 1964].) Giving notice is the "key.” (Siegel, op. cit, at 302.) In the complaint, plaintiff alleges in one paragraph that defendant failed to comply with conditions of the mortgage including certain payments, that defendant received notice to cure and failed to cure within seven days, that notice to cure was sent by certified mail, and that plaintiff elected to call due the entire amount secured by the mortgage. While the complaint may not be eloquently drafted, it meets the requirements of CPLR 3013. The defendants can reasonably understand the pleadings; they received adequate notice of the cause of action. Krest complains of a lack of evidentiary detail, to wit, the precise nature of its *998 default. This, of course, may be supplied by a bill of particulars; it is not essential to the sufficiency of the complaint.
Before treating defendants’ cross motion as one for summary judgment (CPLR 3211 [c]), the court is required to give notice to the parties. (Mihlovan v Grozavu, 72 NY2d 506 [1988].) Even though at the present time there appears to be no genuine issue of fact, this court must grant the parties an opportunity to file additional affidavits.
The cross motion to dismiss is held in abeyance pending submission, within 20 days from service of a copy of this order with notice of entry, of further papers addressing the court’s intent to treat the cross motion as one for summary judgment.

. By order dated June 16, 1992, this court granted the application for a receiver, severed the cross motion and reserved decision.

. While the new nail and mail procedures of CPLR 310 (c) are particular, that does not mean they fail to complement the provisions of CPLR 308 (4). These new provisions contemplate nailing at the actual place of business of the partnership and mailing to the partner intended to be served at his or her last known residence or at the office of the partnership within the State.
In the case at bar, Mr. Kreichman was served by nailing at his dwelling and mailing to that location, which is his last known residence and additionally mailing to the actual place of business of the partnership. This is in accord with CPLR 308 (4) which contemplates nailing at the defendant’s actual place of business, dwelling place or usual place of abode with mailing to the last known residence or actual place of business.

. Indeed, Member of Assembly Ivan C. Lafayette wrote Governor Cuomo in support of the bill to amend CPLR 310, stating flat out that the new legislation would now permit service on a partnership by delivery and mailing to either the partnership place of business "or the partner’s last known residence. ” (Bill Jacket, L 1991, ch 338 [emphasis added].)