OPINION OF THE COURT
Harold Tompkins, J.
The proper means of serving a partnership under the recent *477 amendment to CPLR 310 is the issue before this court. The question arises in the context of plaintiffs’ motion to strike the jurisdictional defenses of defendant DRMS, and defendant Bailey Group, which are partnerships as well as the individual defendants.[1] Service on a partnership enables a successful plaintiff to obtain a judgment enforceable against partnership assets.
Service on defendant DRMS was made by serving Sholom Drizin, a partner, in substituted fashion by serving a person of suitable age and discretion, Margaret Drizin, a relative, and thereafter mailing a copy of the summons and complaint to defendant DRMS. Service on defendant Bailey Group was accomplished by serving Morris Bailey, a partner, by substituted "nail and mail” service. The legal sufficiency of serving a partnership by serving a partner by substituted service is the issue at bar.
PRIOR CASE LAW
Prior to the recent 1991 amendment, CPLR 310 provided that "[p]ersonal service upon persons conducting a business as a partnership may be made by personally serving the summons within the state upon any one of them.” Since the statute refers to personal service rather than personal delivery, whether substituted service was adequate was unclear. In Cervato v Thurcon Constr. Corp. (94 AD2d 642 [1st Dept 1983]), the Court held that the personal service provision of CPLR 308 (3) (service upon a designated agent) was applicable to sustain personal service on a partnership pursuant to CPLR 310. In Hickey v Naruth Realty Corp. (71 AD2d 668 [2d Dept 1979]), the Court upheld service on the partnership via substituted service on a partner by leaving a copy of the summons and complaint with an employee as a person of suitable age and discretion, and thereafter mailing a copy to the partners under CPLR 308 (2). Hickey (supra), and its principle that service upon a partnership by substituted service was adequate, was reaffirmed in Searing v Anand (127 AD2d 582 [2d Dept 1987]). More recently, in Cooney v East Nassau Med. *478 Group (136 AD2d 392 [1st Dept 1988]), the Court held that serving an executive secretary not authorized to accept process was inadequate to sustain service on the partnership. Cooney (supra) adopted a restrictive approach to serving a partnership under CPLR 310. It contrasted the easier means of service upon a corporation under CPLR 311 and stated that only personal service on a partner was sufficient to obtain jurisdiction over the partnership. Subsequently, the Appellate Division, First Department, explicitly held that substituted service on a partner under CPLR 308 (2) did not constitute adequate service (see, Lawrence v Ruskin, 186 AD2d 485 [1st Dept 1992]). The Appellate Division, Second Department, in Marton Assocs. v Vitale (172 AD2d 501 [2d Dept 1991]) has reaffirmed its view of the legitimacy of jurisdiction over a partnership by substituted service on a partner and cited Hickey (supra) as continuing authority.
STATUTORY AMENDMENTS
In 1991, CPLR 310 was amended to add additional means of service on a partnership.[2] The amendments added means of *479 serving a general or managing agent of the partnership or the person in charge of the office, added a nail and mail provision, added a designated agent provision and provided a mechanism for the court to ex parte determine means of service. These provisions were similar to the substituted service clauses of CPLR 308. However, the amendment did not add a provision for substituted service by serving a person of suitable age and discretion comparable to CPLR 308 (2). The only reported opinion on the effect of the amendment, Bridgehampton Natl. Bank v Watermill Hgts. Assocs. (157 Misc 2d 246 [Sup Ct, Suffolk County 1993]), upheld the incorporation of CPLR 308 means of substituted service into CPLR 310. Bridgehampton found that the legislative purpose was to enlarge the methods of service and it would be inconsistent to read an implicit restriction into the statute.
Scholarly opinion on the interpretation of the 1991 amendment to CPLR 310 is divided. 1 Weinstein-Korn-Miller, New York Civil Practice §§ 310.01 and 310.02 stated that CPLR 310, by using the phrase personal service, implicitly invoked the substituted service provisions of CPLR 308 (2), (3), (4) and (5) and cited Searing (supra) and Hickey (supra) as authority. In contrast, Professor Vincent Alexander in his Practice Commentaries felt the specificity of the amendments to CPLR 310 was intended to abrogate the use of CPLR 308 substituted service for service on partnerships (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C310:l [1993 Pocket Part]). The specificity used in CPLR 310 (b) to (e) would be superfluous if substituted service under CPLR 308 was allowable. Siegel, New York Practice § 69 (2d ed, 1992 Pocket Part) states that while substituted service of a partnership is allowed under the 1991 amendment, the CPLR 308 provisions were not adopted completely and recommended caution in varying from the new provisions.
The legislative history indicates that the purpose of the 1991 amendment was to provide additional means of service (see, Mem in support, Bill Jacket, L 1991, ch 338; Mem of Off of Ct Admin, 1991 McKinney’s Session Laws of NY, at 2404).[3] The legislative history speaks of providing additional means of *480 effecting service on a partnership.[4] The repeal by implication that Professor Alexander finds logically persuasive and that is urged by defendants does not find support in the legislative history. It is contrary to the explicit statutory purpose to expand the means of serving a partnership. The Legislature could have also amended CPLR 310 (a) on personal service on a partner to personal delivery had it wished to restrict the means of serving partnerships. Such an interpretation should not be adopted through implication (see, Bridgehampton Natl. Bank v Watermill Hgts. Assocs., supra).
CONCLUSION
The court therefore holds that personal service on a partnership pursuant to CPLR 310 encompasses the substituted service provisions of CPLR 308 (2).
Since defendant DRMS was served by serving defendant Sholom Drizin, a partner, via substituted service by serving Margaret Drizin, and no challenge has been made of her ability to accept process as a person of suitable age and discretion, plaintiffs’ motion to strike the affirmative defense of lack of personal jurisdiction of defendant DRMS is granted. Plaintiffs’ motion to strike the jurisdictional defense of defendant Bailey Group is referred to the Legal Support Office, Room 311 for a traverse hearing. Defendant Bailey Group has raised questions concerning the adequacy of the due diligence exercised by the process server and thus factual determination of the adequacy of service is more properly resolved at a hearing.

. The portion of the motion that seeks to strike the jurisdictional defense of defendant Sholom Drizin, Rubin Schron and David Stein is granted since these defendants in the opposing papers chose to withdraw their jurisdictional objections. The portion of the motion that seeks to strike the jurisdictional defense of defendants Jack Gora and Morris Bailey is referred to the Legal Support Office, Room 311 for assignment to a Referee for a traverse hearing.

. CPLR "§ 310. Personal service upon a partnership
"(a) Personal service upon persons conducting a business as a partnership may be made by personally serving the summons upon any one of them.
"(b) Personal service upon said partnership may also be made within the state by delivering the summons to the managing or general agent of the partnership or the person in charge of the office of the partnership within the state at such office and by either mailing the summons to the partner thereof intended to be served by first class mail to his last known residence or to the place of business of the partnership. Proof of such service shall be filed within twenty days with the clerk of the court designated in the summons; service shall be complete ten days after such filing; proof of service shall identify the person to whom the summons was so delivered and state the date, time of day and place of service.
"(c) Where service under subdivisions (a) and (b) of this section cannot be made with due diligence, it may be made by affixing a copy of the summons to the door of the actual place of business of the partnership within the state and by either mailing the summons by first class mail to the partner intended to be so served to such person to his last known residence or to said person at the office of said partnership within the state. Proof of such service shall be filed within twenty days thereafter with the clerk of the court designated in the summons; service shall be complete ten days after filing.
"(d) Personal service on such partnership may also be made by delivering the summons to any other agent or employee of the partnership authorized by appointment to receive service; or to any other person designated by the partnership to receive process in writing, filed in the office of the clerk of the county wherein such partnership is located.
*479 "(e) If service is impracticable under subdivisions (a), (b) and (c) of this section, it may be made in such manner as the court, upon motion without notice directs.”

. The Bill Jacket was obtained by the court and is included in the motion file as papers considered by this court in reaching its determination.

. Professor Alexander notes in his Practice Commentaries (op. cit., at C310:4) that the amendment to CPLR 310 (d) overrules Cooney (supra) since service may be made by delivery to an agent or employee authorized by appointment to receive service. While Lawrence (supra) cited Cooney as authority for holding that substituted service on a partner was inadequate to confer jurisdiction on a partnership, the order appealed from in Lawrence was entered on April 24, 1991 and the amendment to CPLR 310 was effective as of July 15, 1991.