[646 NYS2d 547]

JOHN FOY, Respondent, v 1120 AVENUE OF THE AMERICAS AS-
SOCIATES, Appellant, et al., Defendant.

Second Department, August 19, 1996

## APPEARANCES OF COUNSEL

*Ahmuty, Demers & McManus,* Albertson *(Frederick B. Simpson* and *Vincent S. Ambrosino* of counsel), for appellant.

*Shreck, Wardi, Coiro & Wadow,* New York City *(Michael A. Chinitz* of counsel), for respondent.

### OPINION OF THE COURT

BALLETTA, J. P.

The question raised by this appeal is whether the 1991 amendments to CPLR 310 pertaining to service upon a partnership *(see,* L 1991, ch 338) represent a narrowing of the methods available to serve a partnership or a liberalization of service upon a partnership. We conclude that in this case substituted service upon one of the partners pursuant to CPLR 308 (2) constituted service upon the partnership pursuant to CPLR 310 (a).

On March 20, 1990, at approximately 7:30 A.M., the plaintiff, John Foy, allegedly slipped and fell in the lobby of the Hippodrome Building located at 1120 6th Avenue, Manhattan. The plaintiff commenced the instant negligence action against the Hippodrome Building and 1120 Avenue of the Americas Associates, the limited partnership which owned the Hippodrome Building (hereinafter the defendant), in January 1993.

The defendant moved to dismiss the complaint on the grounds of lack of jurisdiction and improper service. Although the Supreme Court, Kings County (Vaccaro, J.), by an order dated June 22, 1994, granted the defendant's motion, the court also granted the plaintiff permission to commence another action pursuant to CPLR 306-b (b) within 120 days of the date of the order. If the plaintiff failed to properly effectuate service upon the defendant within the 120-day period, then the action would be deemed dismissed with prejudice and the plaintiff would not be afforded any further opportunity to serve the defendant.

The plaintiff subsequently attempted to serve the new summons and complaint in early October 1994. In order to obtain jurisdiction over the defendant, the plaintiff's process server went to the Newark, New Jersey, office of one of the partners, Harold Gottesman, left the summons and complaint with Gottesman's administrative assistant and mailed copies to Gottesman's last known address. The partnership again moved to dismiss on the grounds of lack of jurisdiction and improper service. The plaintiff opposed the motion, arguing that proper

service had been made upon one of the partners by leaving the papers with the administrative assistant who was a person of "suitable age and discretion" as defined by CPLR 308 (2). After a hearing was conducted with respect to service, the Supreme Court (Ramirez, J.), by order dated March 20, 1995, denied the defendant's motion on the ground that service had been properly effectuated.

On appeal, the defendant argues that the purpose of the 1991 amendments to CPLR 310 (L 1991, ch 338, § 1) was to limit the available service options to those specifically mentioned in the newly amended CPLR 310, which governs service upon partnerships. Significantly, the defendant neither argues that the plaintiff's service failed to comply with the requirements of CPLR 308 (2) nor challenges the factual assessment impliedly made by the court in upholding service.

It is well settled that "[s]ervice is only effective * * * when it is made pursuant to the appropriate method authorized by the CPLR" *(Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288; *Feinstein v Bergner,* 48 NY2d 234, 241). It is also well settled that in New York a court obtains jurisdiction over a partnership when, *inter alia,* "personal service is made on any partner, even if the other individual partners or partnership as an entity would not otherwise be subject to jurisdiction in New York" (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 310.01; *Hayes v Apples & Bells,* 213 AD2d 1000; *Brown v Sagamore Hotel,* 184 AD2d 47). The threshold question here is precisely what the appropriate method authorized by the CPLR is with respect to personal service upon an individual partner where the objective is to acquire jurisdiction over the partnership.

Prior to 1991, CPLR 310 provided simply that: "Personal service upon persons conducting a business as a partnership may be made by personally serving the summons within the state upon any one of them".

In interpreting CPLR 310 as it existed before the 1991 amendments, this Court had construed the phrase "personally serving" as incorporating the substituted "leave and mail" service method set forth in CPLR 308 (2) *(Marton Assocs. v Vitale,* 172 AD2d 501; *Searing v Anand,* 127 AD2d 582; *Hickey v Naruth Realty Corp.,* 71 AD2d 668; *see also,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 310.02).

CPLR 308, entitled "Personal service upon a natural person", states, in part, that:

"Personal service upon a natural person shall be made by any of the following methods:

"1. by delivering the summons within the state to the person to be served; or

"2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business * * * and by * * * mailing the summons to the person to be served at his or her last known residence".

In 1991, the Legislature substantially reworked CPLR 310 (L 1991, ch 338, § 1), so that it now reads as follows:

"Personal Service upon a partnership

"(a) Personal service upon persons conducting a business as a partnership may be made by personally serving the summons upon any one of them.

"(b) Personal service upon said partnership may also be made within the state by delivering the summons to the managing or general agent of the partnership or the person in charge of the office of the partnership within the state at such office and by either mailing the summons to the partner thereof intended to be served by first class mail to his last known residence or to the place of business of the partnership. * * *

"(c) Where service under subdivisions (a) and (b) of this section cannot be made with due diligence, it may be made by affixing a copy of the summons to the door of the actual place of business of the partnership within the state and by either mailing the summons by first class mail to the partner intended to be so served to such person to his last known residence or to said person at the office of said partnership within the state. Proof of such service shall be filed within twenty days thereafter with the clerk of the court designated in the summons; service shall be complete ten days after filing.

"(d) Personal service on such partnership may also be made by delivering the summons to any other agent or employee of the partnership authorized by appointment to receive service; or to any other person designated by the partnership to receive process in writing, filed in the office of the clerk of the county wherein such partnership is located.

"(e) If service is impracticable under subdivisions (a), (b) and (c) of this section, it may be made in such manner as the court, upon motion without notice directs".

The amendment was prompted by the belief that it was unduly difficult to serve a partnership under prior law (see, e.g., Cooney v East Nassau Med. Group, 136 AD2d 392 [service upon executive secretary of partnership without service upon any partner was ineffective to bring partnership within court's ju-

risdiction]; *see also, Lawrence v Ruskin,* 186 AD2d 485; *Basaranlar v Pelham Bay Gen. Hosp.,* 133 AD2d 241; *Italian Colony Rest. v Wershals,* 45 AD2d 841). The supporting memorandum offered by the law's principal sponsors, Assemblyman Ivan Lafayette and Senator Dale Volker, explained the purpose and intent of the new law:

"Purpose

"To provide for additional means, including substituted service, of personal service of the summons on a partnership.

"Summary of Provisions

"The existing paragraph is to be identified as a subdivision 1 (a) and the requirement that the partner be served within the state is deleted since this section must be read in conjunction with CPLR 313.

"The additions to the existing Section provide two means of substituted service, modeled on CPLR 308, and permit service on any authorized agent or employee or a person so authorized in an instrument filed in the county clerks office. Finally, as with CPLR 308 the court is authorized to enter an order fashioning the mode of service.

"Justification

"Present law makes it very difficult to serve the partnership itself and is misleading since it states service must be made within the state on the partner. This bill would treat a partnership as a business entity composed of more than its partners and permit service in some respects in the manner in which a corporation is served. There is no good reason why a managing agent, other authorized employee, or person in charge of the partnership office should not receive service. There may be instances where none of the partners are available for service in the state. Moreover, the court should have power to fashion the means and manner of service" (Bill Jacket, L 1991, ch 338).

In a letter authored by cosponsor Assemblyman Ivan Lafayette, it was reiterated that, "[t]his legislation provides alternative methods for personal service on a partnership * * * [which] are consistent with the court tested provisions of CPLR 308" (July 1, 1991 letter, Bill Jacket, L 1991, ch 388).

The defendant contends that in view of the 1991 amendments, CPLR 310 (a) and the phrase "personally serving" should now be construed to only authorize personal delivery of process to an individual partner and that the alternative methods of substituted service upon the partnership are limited to those specifically enumerated in the amended statute (CPLR

310 [b]-[e]). This construction is more limited than the construction this Court accorded the term as it appeared in CPLR former 310.

Contrary to the defendant's argument, it is quite clear from the statute's legislative history that the intent of the statute was to make it easier to serve a partnership rather than to make it more difficult. Thus, if CPLR 308 is not incorporated into the current CPLR 310 (a), that intent would obviously be frustrated.

Moreover, it is a fundamental rule of statutory construction that "the language of an amendment should be construed in the light of previous judicial decisions construing the original act and the Legislature is presumed to have known of existing judicial decisions in enacting amendatory legislation" *(Conesco Indus. v St. Paul Fire & Mar. Ins. Co.,* 184 AD2d 956, 958-959; *see also, Orinoco Realty Co. v Bandler,* 233 NY 24, 30; *Matter of Thomas v Bethlehem Steel Corp.,* 95 AD2d 118, 120, *affd* 63 NY2d 150; *People v Pawley,* 71 AD2d 307, 311; *People ex rel. Spinks v Dillon,* 68 AD2d 368, 370; *accord,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 75, 194). As noted above, this Court had previously construed CPLR 310 so as to incorporate the language of CPLR 308 (2) into that statute, and the Legislature retained unchanged the prior language of CPLR 310 as new subdivision (a) of CPLR 310. The amended statute incorporated essentially intact the language of the prior law. Thus, our prior rulings are consistent with the newly amended statutory scheme.

Under the circumstances, the Legislature must be presumed to have been aware of the existing case law which construed the reference to "[p]ersonal service" in CPLR former 310 as incorporating the personal service methods set forth in CPLR 308. If the Legislature intended the term personal service in this context to mean personal "delivery" only, it could have easily stated as much. Since the Legislature retained the language of the former statute—and its prominent reference to personal service—the inference is persuasive that the framers of the law approved of, and intended to perpetuate, preexisting law with regard to that very same language. This conclusion is buttressed by the fact that the objective of the Legislature was to simplify service on a partnership. We are reluctant to adopt a construction of the term personal service which narrows the plain meaning of the term as defined by CPLR 308 and which departs from the construction previously accorded by this Court to the same preamendment language *(Searing v Anand,* 127 AD2d 582, *supra).*

Notably, three Supreme Court cases have extensively discussed the issue, and all three have concluded that the newly amended statute was not intended to eliminate the option of serving a partnership by substituted service upon a partner, i.e., by leaving the summons with a person of suitable age and discretion pursuant to CPLR 308 (2) *(see, Atkinson v D.M.A. Enters.,* 159 Misc 2d 476; *Agin v Krest Assocs.,* 157 Misc 2d 994; *Bridgehampton Natl. Bank v Watermill Hgts. Assocs.,* 157 Misc 2d 246). The courts in these cases premised their holdings on (1) the fact that the Legislature intended to simplify serving process on partnerships, and (2) that the amended statute retained the phrasing of the original statute relative to the term "[p]ersonal service" *(see also, Marballie v Lefrak,* 201 AD2d 707; *Costa v Pelham Bay Gen. Hosp.,* 194 AD2d 308).

The defendant suggests that in two cases the Appellate Division, First Department, construed CPLR former 310 as precluding reliance upon the leave and mail provisions of CPLR 308 (2) *(see, Lawrence v Ruskin,* 186 AD2d 485, *supra; Cooney v East Nassau Med. Group,* 136 AD2d 392, *supra).* A review of these cases reveals that the defendant is in error. The holding of the Appellate Division, First Department, in *Lawrence v Ruskin (supra)* clearly indicates that it would have applied CPLR 308 if the plaintiff had complied with that section, and in *Cooney v East Nassau Med. Group (supra),* the First Department was not called upon to determine the effect of substituted service upon a partner.

Inasmuch as there is no argument that the plaintiff failed to comply with the requirements of CPLR 308 (2) and since that method is authorized by CPLR 310 (a), service upon the defendant must be sustained. Accordingly, the order is affirmed.

SULLIVAN, COPERTINO and KRAUSMAN, JJ., concur.

Ordered that the order is affirmed, with costs.