■ ROBERT B. BELL, Respondent, v BELL, KALNICK, KLEE & GREEN et al., Appellants, et al., Defendants. [668 NYS2d 177] —Order, Supreme Court, New York County (William Davis, J.), entered October 4, 1996, which, in an action for a partnership accounting, granted plaintiff's motion to confirm the report of the Special Referee recommending dismissal of defendant partnership's affirmative defense of lack of personal jurisdiction, unanimously affirmed, with costs.

There is no merit to defendants' contention that in finding jurisdiction, the Special Referee improperly relied on CPLR 308 (2), a basis that had not been urged by plaintiff, instead of CPLR 310 (b), which was urged. For the reasons stated by the Second Department in *Foy v 1120 Ave. of Ams. Assocs.* (223 AD2d 232), the 1991 amendments to CPLR 310, at least insofar as they purport to provide easier " 'alternative methods for personal service on a partnership * * * [which] are consistent with the court tested provisions of CPLR 308' " (*supra*, at 236), add nothing of substance to the preamendment statute, and are superfluous (*see, supra*, at 237 ["our prior rulings are consistent with the newly amended statutory scheme"]; at 238 [explaining *Lawrence v Ruskin*, 186 AD2d 485; *Cooney v East*

*Nassau Med. Group*, 136 AD2d 392]; *see also, Costa v Pelham Bay Gen. Hosp.*, 194 AD2d 308). In other words, the only difference between CPLR 308 (2), which permits delivery to "a person of suitable age and discretion", and CPLR 310 (b), which limits delivery to "the managing or general agent of the partnership or the person in charge of the office of the partnership within the state at such office", appears to make service harder under the amended statute than it had been under the preamendment statute incorporating CPLR 308, and is therefore contrary to the legislative intent and should be disregarded. Accordingly, jurisdiction was properly sustained upon a finding that the summons and complaint were delivered to the receptionist at the actual place of business of one of the individual defendants, who is one of the partners of defendant partnership, and then mailed the next day to that individual at his actual place of business in an envelope bearing the legend "personal and confidential". The defects in the affidavit of service do not defeat an otherwise properly commenced action, but are mere nonjurisdictional irregularities (*Air Conditioning Training Corp. v Pirrote*, 270 App Div 391; *Morrissey v Sostar*, 63 AD2d 944). Similarly, failure to timely file the affidavit of service, late in this case by eight days, was an irregularity that was properly cured by deeming it filed nunc pro tunc (*Paracha v County of Nassau*, 228 AD2d 422). We have considered defendants' other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Wallach, Williams and Mazzarelli, JJ.