OPINION OF THE COURT
Edward H. Lehner, J.
The issue presented on this motion by defendant to dismiss for lack of jurisdiction is whether service upon a limited partnership may be made by delivery of process to a person of *377 suitable age and discretion at the residence of a general partner. While the answer to the question would clearly be in the affirmative if the defendant were a general partnership (see, Bell v Bell, Kalnick, Klee & Green, 246 AD2d 442 [1st Dept 1998]; Foy v 1120 Ave. of Ams. Assocs., 223 AD2d 232 [2d Dept 1996]), the 1999 amendment adding CPLR 310-a dealing with service upon a limited partnership requires an examination of that statute as well as the statutory history of the means by which a court may obtain jurisdiction over a partnership.
Facts
Plaintiffs effected service in this personal injury action by delivery of process to the doorman of the apartment building in which the general partner (Samuel J. Jemal) of the defendant limited partnership resided. While the complaint alleges alternative allegations with respect to the status of the defendant, plaintiffs’ papers assert that defendant is a limited partnership, attaching thereto a copy of the deed to the building in which the subject accident occurred showing transfer of ownership thereof to the defendant limited partnership. Also attached to plaintiffs’ papers was a copy of the certificate of limited partnership showing Mr. Jemal as the general partner. Curiously, defendant’s counsel maintained at oral argument that the owning entity was a general partnership. However, since plaintiffs stated that they were suing the defendant as a limited partnership, defendant’s counsel acknowledged that such entity was the client the firm was representing in this action.
The affidavit of Mr. Jemal does not dispute that service was made upon the doorman of the building in which he resides, nor does it challenge the assertion that the doorman denied plaintiffs’ process server access to his apartment. Under such circumstances, the service would provide jurisdiction over an individual defendant (see, duPont, Glore Forgan & Co. v Chen, 41 NY2d 794 [1977]). However, among other claims, defendant asserts that jurisdiction was not obtained as against it because the service was made at Mr. Jemal’s residence rather than at the office of the partnership.
Discussion
Prior to the 1991 addition to CPLR 310, the sole statutory provision dealing with service upon a partnership was the provision thereof which stated that “[personal service upon persons conducting a business as a partnership may be made *378 by personally serving the summons * * * upon any one of them.” It had been held that said section authorized personal service upon a partnership by service pursuant to CPLR 308 (2) (see, Searing v Anand, 127 AD2d 582 [2d Dept 1987]; Hickey v Naruth Realty Corp., 71 AD2d 668 [2d Dept 1979]).
However, in Cooney v East Nassau Med. Group (136 AD2d 392 [1st Dept 1988]), it was held that service upon a partnership’s executive secretary, without service upon a partner, was ineffective to give the court jurisdiction over the partnership. As an apparent result of this holding, in 1991 the Legislature amended CPLR 310 to add to the above-quoted provision (designated subdivision [a]) a new subdivision (b) authorizing personal service upon a partnership “by delivering the summons to the managing or general agent of the partnership or the person in charge of the office of the partnership * * * at such office.” The intent of the amendment was to allow service in a manner similar to that by which a court obtains jurisdiction over a corporation.
In his 1991 Supplementary Practice Commentaries in McKinney’s Consolidated Laws of New York (Book 7B, CPLR C310:l, 2001 Pocket Part, at 248-249), Professor Alexander opined that this amendment “was intended to abrogate entirely the use of CPLR 308 for service on partnerships * * * [and that] CPLR 310 (a), therefore * * * contemplates only personal delivery to a partner and does not incorporate by reference all of the methods of personal service that are contained in CPLR 308.” However, in Foy v 1120 Ave. of Ams. (223 AD2d, supra, at 237), the Second Department held that the intent of the Legislature “was to simplify service on a partnership” and that the Legislature “approved of, and intended to perpetuate, preexisting law” when it “retained unchanged the prior language of CPLR 310 as new subdivision (a) of CPLR 310.” Consequently, the Court concluded that “substituted service upon one of the partners pursuant to CPLR 308 (2) constituted service upon the partnership pursuant to CPLR 310 (a)” (supra, at 233). The reasoning of this case was followed by the First Department in Bell v Bell, Kalnick, Klee & Green (supra). Although in these two cases service pursuant to CPLR 308 (2) was made at the office of the partnership, said subdivision authorizes service upon “a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served.” Hence, as first above stated, if defendant were a general partnership, service as aforesaid at the residence of a partner would provide the court with jurisdiction over defendant.
*379 Prior to the adoption of the Revised Limited Partnership Act (Partnership Law § 121-101 et seq., eff July 1, 1991), jurisdiction over a limited partnership was governed by the same provision as that relating to a general partnership, to wit: CPLR 310 (Blum, Gersen & Stream v 346 E. 72nd St. Assocs., 172 AD2d 444 [1st Dept 1991]). However, that Act contained a special provision regulating service upon a limited partnership (Partnership Law § 121-109), which in subdivision (a) thereof provided that service upon a limited partnership “shall be made by delivering a copy personally to any managing or general agent or general partner * * * in the manner provided by law for the service of summons, as if such person was defendant” (emphasis supplied). Subdivision (d) of that section further provided that “[njothing contained in this section shall limit or affect the right to serve any process * * * upon the limited partnership in any other manner now or hereafter permitted by law.”
By chapter 341 of the Laws of 1999, subdivision (a) of said section 121-109 was repealed and reenacted in substantially similar form as CPLR 310-a. The purpose of the amendment was to consolidate in article 3 of the CPLR the provisions for service upon limited partnerships, limited liability partnerships and limited liability companies.
The question thus presented is whether the current statute governing service upon limited partnerships incorporates the provisions for “substituted” and “nail and mail” service provided in CPLR 308 (2) and (4). As indicated above, case law has incorporated said provisions into CPLR 310 by reason of subdivision (a) thereof which provides for jurisdiction over the partnership by “personally serving” the summons upon any partner. Service pursuant to any provision of CPLR 308 constitutes “personal service.”
However, CPLR 310-a does not contain language similar to subdivision (a) of CPLR 310. While it could be argued that the aforesaid Partnership Law § 121-109 (d) would incorporate CPLR 308, I find that the language of CPLR 310-a (a) that “[p]ersonal service * * * shall be made * * * in the manner provided by law * * * as if such person was the defendant” demonstrates the Legislature’s intent to incorporate into that section the means of service authorized in CPLR 308. Hence, service in the manner effected herein was sufficient to grant the court jurisdiction over the defendant.
Accordingly, defendant’s motion to dismiss is denied.