ANGELA GREEN, Appellant, v GROSS AND LEVIN, LLP, et al., Respondents. [958 NYS2d 399]—

The plaintiff, appearing pro se, commenced this action against Gross and Levin, LLP (hereinafter G&L), as well as Lawrence Gross and Nishani Naidoo, a partner and an associate attorney, respectively, in G&L, alleging that they committed legal malpractice in connection with their representation of her in a partition action.

The Supreme Court correctly concluded that personal jurisdiction over Naidoo was never obtained, as the plaintiff failed to present prima facie proof that Naidoo was served with process in accordance with CPLR 308. Therefore, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint

insofar as asserted against Naidoo, based on lack of personal jurisdiction.

However, the Supreme Court should not have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against G&L, based on lack of personal jurisdiction. The plaintiff presented prima facie proof that service was effected upon Gross, a partner in G&L, by personally delivering a copy of the summons with notice to a paralegal at the office of G&L, which was Gross's actual place of business, and then mailing a copy of it to Gross at G&L in an envelope marked personal and confidential and not indicating that the communication was from an attorney or concerned a legal action. Contrary to the conclusion of the Supreme Court, this service was sufficient to confer personal jurisdiction over G&L, which is a limited liability partnership, since service was properly effected upon one of G&L's partners (*see* CPLR 308 [2]; 310-a; *Maine v Jay St. Realty Assoc.*, 187 Misc 2d 376, 379 [2001]; *Atkinson v D.M.A. Enters.*, 159 Misc 2d 476, 479-480 [1993]; *see also Foy v 1120 Ave. of the Ams. Assoc.*, 223 AD2d 232, 236-238 [1996]). Although G&L alleges that only one copy of the summons with notice was left with the paralegal, this was not a jurisdictional defect, since such notice was reasonably calculated, under all the circumstances, to apprise Gross and, hence, G&L, of the pendency of the action and afford G&L an opportunity to present its objections and defenses (*see Raschel v Rish*, 69 NY2d 694, 696 [1986]; *see also Brown v Sagamore Hotel*, 184 AD2d 47 [1992]; *Matter of T.E.A. Mar. Automotive Corp. v Scaduto*, 181 AD2d 776 [1992]).

Although lack of personal jurisdiction was not a proper basis for dismissal of the complaint against G&L, and the Supreme Court incorrectly determined that the first, second, fourth, fifth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth causes of action did not state a cause of action against Gross, those defendants correctly contend that alternative grounds for affirmance exist with respect to certain of those causes of action.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground

that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

G&L and Gross assert that CPLR 3211 (a) (1) provides an alternative ground for the affirmance of so much of the order as granted those branches of their motion which were to dismiss the first and fourth causes of action insofar as asserted against both of them, and the seventh cause of action, which was only asserted against G&L (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545 [1983]). They further assert that CPLR 3211 (a) (7) provides an alternative ground for the affirmance of so much of the order as granted those branches of their motion which were to dismiss the third cause of action insofar as asserted against both of them, and the sixth cause of action, which was only asserted against G&L (*see id.*). We agree.

Here, the documentary evidence conclusively established a defense as a matter of law to the allegations of legal malpractice, as set forth in the first and fourth causes of action insofar as asserted against G&L and Gross, and the seventh cause of action, which was only asserted against G&L. In addition, the third cause of action fails to state a cause of action to recover damages for legal malpractice insofar as asserted against both G&L and Gross, and the sixth cause of action, which was only asserted against G&L, fails to state a cause of action to recover damages for legal malpractice against it. However, the documentary evidence did not conclusively establish a defense as a matter of law as to the remaining causes of action. Moreover, the allegations set forth in the eighth cause of action state a cognizable cause of action against G&L, and the allegations set forth in the remaining causes of action state cognizable causes of action against both G&L and Gross.

The parties' remaining contentions are without merit. Eng, P.J., Balkin, Leventhal and Chambers, JJ., concur.