■ Treeline 990 Stewart Partners, LLC, Appellant, v Rait Atria, LLC, et al., Respondents, et al., Defendant. [967 NYS2d 119]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 15, 2011, as granted those branches of the motion of the defendants RAIT Atria, LLC, RAIT Partnership, L.P., and RAIT General, Inc., which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants RAIT Atria, LLC, RAIT Partnership, L.P., and RAIT General, Inc., which was pursuant to CPLR 3211 (a) to dismiss the cause of action to recover damages for breach of contract insofar as asserted against RAIT Atria, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In 2006, Treeline 990 Stewart Partners, LLC (hereinafter Treeline), and RAIT Atria, LLC (hereinafter RAIT Atria), executed an operating agreement, which set forth their rights and interests as the only members of 990 Stewart Avenue Investors, LLC (hereinafter 990 SAI), a limited liability company formed for the purpose of purchasing and operating an office building in Garden City. Pursuant to the operating agreement, both Treeline, as the "common capital member" and "managing member" of 990 SAI, and RAIT Atria, as the "preferred capital member" of 990 SAI, were entitled to, among other things, certain monthly distributions from the rent and income generated through the ownership and management of the office building. The operating agreement specified that any modification thereto had to be made in writing.

According to the complaint, after the operating agreement was executed, economic conditions changed, and the office building began losing tenants. With the office building struggling financially, Treeline and RAIT Atria began discussing potential transactions to either restructure the terms of the operating agreement or, alternatively, to sell RAIT Atria's interest in 990 SAI to Treeline at a discount. Also according to the complaint, after months of negotiations, the parties eventually agreed that Treeline would buy RAIT Atria's interest in 990 SAI at a

discounted price. Although Treeline allegedly took steps to obtain the necessary financing and invested funds in the office building in reliance on this alleged buyout agreement, the alleged buyout agreement was never reduced to writing, and RAIT Atria ultimately refused to close on the alleged buyout agreement.

Treeline commenced the instant action against, among others, RAIT Atria, RAIT General, Inc., and RAIT Partnership, L.P. (hereinafter collectively the RAIT defendants). The complaint alleged that, by failing to close on the buyout agreement, RAIT Atria breached a contract, committed fraud, and engaged in negligent misrepresentation. The Supreme Court granted the motion of the RAIT defendants, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Green v Gross & Levin, LLP*, 101 AD3d 1079, 1080-1081 [2012]; *Bodden v Kean*, 86 AD3d 524, 526 [2011]). Contrary to the RAIT defendants' contentions, the documentary evidence that they submitted did not conclusively establish, as a matter of law, a defense to the breach of contract cause of action insofar as asserted against RAIT Atria. The RAIT defendants contend that, since the operating agreement contained a provision prohibiting oral modifications, enforcement of the alleged oral agreement to buy out RAIT Atria's interest in 990 SAI is barred by General Obligations Law § 15-301. However, the alleged oral agreement described by Treeline did not have the effect of modifying the terms and conditions of the operating agreement. The operating agreement defined the interests owned by RAIT Atria and Treeline and included, among other things, provisions for monthly income distribution and financial reporting. The operating agreement did not prohibit the sale of RAIT Atria's interest in 990 SAI, and did not set forth any terms that such a sale was required to include. As such, the alleged oral agreement was a separate additional agreement addressing a situation not covered by the terms of the operating agreement (*see Gerard v Cahill*, 66 AD3d 957, 959 [2009]). Accordingly, enforcement of the alleged oral agreement is not barred by General Obligations Law § 15-301 (*see id.*; *Heydt Contr. Corp. v Tishman Constr. Corp. of N.Y.*, 163 AD2d 196, 197 [1990]).

Moreover, the Supreme Court should not have granted that

branch of the RAIT defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of contract insofar as asserted against RAIT Atria for failure to state a cause of action. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Green v Gross & Levin, LLP*, 101 AD3d at 1080-1081; *Granada Condominium III Assn. v Palomino*, 78 AD3d 996 [2010]). The test to be applied is "whether the complaint gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments" (*JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010] [internal quotation marks omitted]). Applying these principles to the instant matter, the complaint adequately alleges all of the essential elements of a cause of action to recover damages for breach of contract against RAIT Atria (*see id.*). Contrary to the contention of the RAIT defendants, the complaint sufficiently alleges that the parties orally agreed on all of the material terms of sale of RAIT Atria's interest in 990 SAI (*see Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144, 148-149 [1979]).

However, the Supreme Court properly granted those branches of the RAIT defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging fraud and negligent misrepresentation insofar as asserted against them. A cause of action to recover damages for fraud does not lie where the only fraud claimed relates to an alleged breach of contract (*see McGee v J. Dunn Constr. Corp.*, 54 AD3d 1010 [2008]). Moreover, a general allegation that a party entered into a contract while lacking the intent to perform is insufficient to state a cause of action to recover damages for fraud (*see id.*; *Mendelovitz v Cohen*, 37 AD3d 670, 671 [2007]). Similarly, as Treeline failed to allege any misrepresentation which was collateral or extraneous to the alleged contract between the parties, the Supreme Court properly granted that branch of the RAIT defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging negligent misrepresentation insofar as asserted against them (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *Lunal Realty, LLC v DiSanto Realty, LLC*, 88 AD3d 661, 663 [2011]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526 [2008]; *Jorbel v Kopko*, 31 AD3d 611, 612 [2006]). Dillon, J.P., Lott, Austin and Hinds-Radix, JJ.,

concur.